EX PARTE JOY WILLIAMS.

No. A-7513. Decided January 6, 1960.
(330 S.W. 2d Series 605)

*Christopher & Bailey* and *M. Ward Bailey,* of Fort Worth, Relator.

*Hudson, Keltner, Jordan & Cunningham* and *Walter E. Jordan,* all of Fort Worth, for and in behalf of the district court.

MR. JUSTICE NORVELL delivered the opinion of the Court.

Upon preliminary consideration of the application therefor, a writ of habeas corpus was issued and relator admitted to bail. Upon further consideration, we have concluded that the judgment of contempt entered by the trial judge was void and it is accordingly ordered the relator be discharged and her sureties released from liability on her bond.

The issue in this case is whether or not relator had violated an order of the district court dividing community property in a divorce suit between relator, Joy Williams and her former husband W. D. Williams.

On June 2, 1959, the District Judge rendered judgment upon defendant's cross action granting W. D. Williams a divorce from Joy Williams. Williams was also awarded custody of the two minor children of the parties. It was decreed that the Williams' home be sold by the defendant as soon as practicable and that the proceeds therefrom be divided equally between the parties. The decree also provided that until such sale was consumated, "the defendant and the said minor children shall be permitted to

possess and to live in said premises." Certain items of personal property were then specifically listed and set aside to plaintiff and defendant, respectively.

On the 8th day of July an amendatory decree was rendered which provided that the judgment of June 2, 1959 "should be and is hereby ordered set aside insofar as it disposes of or divides the property of plaintiff and defendant." It was then decreed that "the home and premises of the plaintiff and defendant * * * be and the same is hereby ordered sold and the net proceeds of the sale divided equally between plaintiff and defendant" after allowing plaintiff and defendant certain credits for payments made on a mortgage covering the property. The decree also provided that for a sixty-day period the plaintiff and decendant could sell the property, but if at the end of such period a sale had not been effected, the court would appoint a receiver to dispose of the premises. The amended decree contained no provision relating to possession of the home pending sale.

The amended decree then set forth three paragraphs purportedly effecting a division of personal properties between the parties. The paragraph relating to the properties received by W. D. Williams provided that: "It is further ordered, adjudged and decreed that the following items of personal property and furniture which are now located in the [home] premises * * * shall be awarded to the defendant W. D. Williams; and shall belong to him as his sole and separate property."

Then followed a list of some eighteen items of furniture.

Similarly worded clauses awarded Joy Williams certain items of furniture situated at the home premises and at the "Pixie Beauty Salon" which was a business operation of the plaintiff.

While the decree contained a proviso that all personal property, appliances or furniture then in the possession of Joy Williams should henceforth belong to her as her separate property, there was no provision awarding personal property not listed or not in the possession of Joy Williams to either party to the suit.

However, on the 14th day of July, W. D. Williams filed a motion and affidavit for contempt in which he charged that his former wife had taken certain personal property from the home premises contrary to the Court's division of the properties between the parties. This affidavit apparently assumes that all

propertly not specifically awarded to Joy Williams was awarded to W. D. Williams.

By an order dated September 4, 1959, the District Judge found Joy Williams guilty of contempt by reason of a specific charge set forth in the affidavit of contempt which charge was quoted verbatim in the order. The allegation was that Joy Williams, between 12M and 1:00 P.M. on July 10, 1959, entered "defendant's house and took therefrom some twenty-five items of property of which only seven items had been awarded to her by the amended judgment of the court. A comparison of the items set forth in the affidavit for contempt and those described in the judgment disclose that all the items said to have been taken by Joy Williams were either awarded to her by the amended decree or were not mentioned therein; hence there was no violation of the decree. When a decree purporting to effect a division of community property fails to provide for and make disposition of certain properties, the law does not vest title to such property in either the husband or in the wife. They both remain owners of the property as tenants in common. McDaniel v. Thompson, Texas Civ. App., 195 S.W. 2d 202, writ ref.

In the brief filed on behalf of the District Judge it is argued broadly that relator entered the house while her former husband was at work and later effected a subsequent entry by breaking a screen at which time she secured an air conditioner, that had been awarded to her by the court, "raided the icebox" and removed drinks and foodstuffs therefrom. It is argued that these acts were highly improper and contemptuous.

. We need not comment upon the course of conduct pursued by the relator. A specific charge was made against her in the affidavit of contempt and sustained by the trial court, namely, that contrary to an order of the district court, she took possession of and appropriated property which had been set aside to W. D. Williams by decree of court. The record discloses *no evidence* supporting this charge. It follows that the district court was without authority or jurisdiction to render the judgment of contempt which it did render and such order is accordingly void. Ex parte Henry, 147 Texas 315, 215 S.W. 2d 588; Ex parte White, 154 Texas 126, 274 S.W. 2d 542; Ex parte La Rocca, 154 Texas 618, 282 S.W. 2d 700.

Opinion delivered January 6, 1960.