H.G. TROUTMAN, Petitioner,

v.

TRAECO BUILDING SYSTEMS, INC., Respondent.

No. C-5475.

Supreme Court of Texas.

Feb. 11, 1987.

Rehearing Denied March 11, 1987.

Robert H. Smith, Saunders, Brian, Thomas & Smith, Amarillo, for petitioner.

Marvin W. Jones, Gibson, Ochsner & Adkins, Amarillo, for respondent.

## ON MOTION FOR REHEARING

### PER CURIAM.

The respondent's motion for rehearing is granted in part and overruled in part. Our opinion and judgment of October 29, 1986 are withdrawn and this opinion is substituted therefor.

This is a suit for breach of warranty, negligence and violation of the Deceptive Trade Practices-Consumer Protection Act (DTPA). The jury answered all issues favorably to plaintiff, H.G. Troutman, on his DTPA claim but made an unfavorable determination on at least one of the essential elements of each of his other theories of recovery. The trial court rendered judgment for Troutman for actual damages, plus prejudgment interest, postjudgment interest and attorney's fees. The court of appeals, in an unpublished opinion, reversed and rendered judgment that Troutman take nothing on the grounds that Troutman had no pleadings to support his DTPA claim. A majority of this court disagrees with the court of appeals and, thus, we reverse the judgment of the court of appeals and remand this cause to that court.

Troutman owned a metal building in Dumas, Texas which had been constructed in approximately 1967 and which he leased for use as a supermarket. Because of problems with leaks in the roof of the building, Troutman contracted with defendant, Traeco Building Systems, Inc. on or about April 7, 1982 to install a new roof on the building. In that connection, Traeco furnished to Troutman a letter guaranteeing "that the new roof to be installed over the existing insulation and existing panel rib roof will sustain any load that might be applied from the nature elements. This includes ice, rain, sleet and snow loads." There was a heavy accumulation of snow during the winter of '82–'83 and on February 1, 1983, the roof of the building collapsed causing the total destruction of the building.

Special issues 5 and 6 submitted Troutman's DTPA theory to the jury and read as follows:

### SPECIAL ISSUE NO. 5

Do you find … that [Traeco] represented to [Troutman] that its guaranty or warranty involved rights or remedies which it did not have or involve?

To which the jury answered "We do."

### SPECIAL ISSUE NO. 6

Do you find … that the conduct inquired about in Special Issue No. 5 was a producing cause of the damages, if any, sustained by [Troutman]?

To which the jury answered "We do."

The court of appeals found that special issues 5 and 6 were derived from TEX.

BUS. & COM.CODE ANN. §§ 17.46(b)(12), (19), which provide as follows:

(b) Except as provided in Subsection (d) of this section, the term "false, misleading, or deceptive acts or practices" includes, but is not limited to, the following acts:

\* \* \* \* \* \*

(12) representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

\* \* \* \* \* \*

(19) representing that a guarantee or warranty confers or involves rights or remedies which it does not have or involve, provided, however, that nothing in this subchapter shall be construed to expand the implied warranty of merchantability as defined in Section 2.314 through 2.318 of the Business & Commerce Code to involve obligations in excess of those which are appropriate to the goods;

\* \* \* \* \* \*

The court of appeals held that Troutman did not plead the cause of action or ground of recovery upon which he recovered (i.e., that Traeco represented that its guarantee or warranty involved rights or remedies which it did not have or involve).

Troutman's original petition, upon which he went to trial, makes reference to the DTPA in paragraph V and in the prayer where Troutman seeks, among other things, "further damages in accordance with the provisions of TEX.BUS. & COM. CODE ANN. § 17.50(B)(1)." In addition to these specific references, paragraph II of Troutman's original petition alleges that Traeco warranted that the roof would sustain any load that might be applied from "the nature elements." Obviously, this representation was false. In *Weitzel v. Barnes*, 691 S.W.2d 598 (Tex.1985), plaintiffs alleged that defendant had represented to them that equipment and systems in their home were within code specifications when in truth the representations were false, misleading and deceptive in that certain items did not meet code specifications. This court held that such pleading unques-

tionably comported with section 17.46(b)(7) of the DTPA and was all that was necessary. Under this analysis, Troutman's pleading comports with sections 17.-46(b)(12), (19) of the DTPA. A pleading will be liberally construed in favor of the pleader and is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim. *Stone v. Lawyer's Title Insurance Corp.*, 554 S.W.2d 183 (Tex.1977). Further, if there were a pleading defect, it would be properly attacked by special exceptions. *Weitzel* at 600.

Because the holding of the court of appeals is in conflict with a decision of this Court, *Weitzel v. Barnes*, we grant the application for writ of error, and without hearing oral argument, we reverse the judgment of the court of appeals and remand this cause to that court for consideration of those points not addressed by the court. TEX.R.APP.P. 133(b).