**Eleanor Janice LAW, Appellant,**

v.

**Robert Andrew LAW, Appellee.**

No. 01–89–00282–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 10, 1990.

Rehearing Denied June 7, 1990.

Eleanor Janice Law, Houston, pro se.

Joe M. Pirtle, Houston, for appellee.

Before SAM BASS, DUNN and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

This is an appeal from a summary judgment. We affirm.

The parties, Eleanor Janice Law and Robert Andrew Law, married in 1964 and divorced in 1982. During the 18 years of their marriage, Mr. Law worked at the Johnson Manned Space Craft Center (NASA). Ms. Law, a lawyer, and Mr. Law represented themselves in their divorce. The Laws agreed on the division of assets and drafted their own agreement. Relying on the agreement dividing the assets, the court granted the divorce.

The agreement provided that Ms. Law would keep the house and give Mr. Law a note for $30,000 for his share of the house, and that they would each keep their own retirement funds. The agreement also provided that as long as they did not remarry, they would name each other as the sole beneficiary of their wills, insurance, and any retirement benefits. Mr. Law remarried; Ms. Law did not.

Six years after the divorce was final, Ms. Law filed a suit to contest Mr. Law's receipt of his retirement benefits. In that suit, filed with the same cause number and in the same court that granted the divorce, Ms. Law claimed a one-half interest in a $39,706.64 lump sum payment made to Mr. Law as part of his NASA retirement after his divorce. Ms. Law asked the court to apply her share of Mr. Law's retirement payment to cancel her $30,000 note to Mr. Law. Ms. Law filed an amended petition and a petition for bill of review under the same cause number.

In response, Mr. Law filed an answer, and later, a motion for summary judgment. In the motion for summary judgment, he alleged: (1) there were no grounds for Ms. Law's bill of review; (2) res judicata barred reopening the case; and (3) the trial court did not have the authority to modify the property division.

Ms. Law filed a response to the motion for summary judgment, complaining in 20 numbered paragraphs about the motion for summary judgment, the property division, Mr. Law's remarriage, the inequity of the reduced value of the marital home, and Mr. Law's receipt of his retirement benefits.

Ms. Law attached an affidavit to the response which stated that all the allegations in her response were true. The affidavit itself did not state any facts. Because sworn pleadings do not constitute summary judgment evidence, *Hidalgo v. Surety Sav. & Loan Ass'n,* 462 S.W.2d 540, 544–45 (Tex.1971), Ms. Law's response did not present any fact issues to the trial court or preserve any for our review.

The trial court granted Mr. Law's motion for summary judgment, stating no reason in the judgment for its decision. When a summary judgment does not state the reason for which it was granted, the appellant must show that none of the grounds in the motion for summary judgment is sufficient to support the judgment. *Tilotta v. Goodall,* 752 S.W.2d 160, 161 (Tex.App.—Houston [1st Dist.] 1988, writ denied).

## I. Mr. Law's retirement benefits.

In her first point of error, Ms. Law contends the trial court should not have granted the summary judgment because her pleadings raise the question whether the divorce decree disposed of Mr. Law's retirement benefits.

Before we can decide this issue, we must first determine what kind of suit Ms. Law filed. If her suit was to partition assets *overlooked* in the divorce settlement, then the suit was not subject to a plea of res judicata. In such a case, she could bring a suit to divide assets that were not disposed of by the divorce decree.

If, however, Ms. Law's suit was to claim a share of an asset *already divided by* the divorce settlement, the suit was subject to a plea of res judicata. Thus, the only way Ms. Law could avoid the defense of res judicata was to claim fraud and file a bill of review.

■ We cannot determine, by looking at the titles to Ms. Law's pleadings, which type of suit she filed. Under the misnomer of pleadings rule, we can look at the substance of the pleading to determine what it is. TEX.R.CIV.P. 71; *see also State Bar of Texas v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980).

Ms. Law initiated this suit by a pleading called a "Motion for Modification or Petition for Partition." In 14 numbered paragraphs, Ms. Law said she had only recently learned that Mr. Law was going to receive approximately $28,000 as a lump sum payment as part of his retirement at NASA; most of his NASA retirement accumulated during their marriage; she owes Mr. Law $30,000 on a note for the marital home; and the house is no longer worth the amount of the note. Ms. Law asked the court to apply her share of Mr. Law's retirement to cancel the note.

Ms. Law filed a second pleading she named "First Amended Motion for Modification or Amended Petition for Partition." In that pleading, Ms. Law added seven allegations to the suit, numbered 15 through 21. Although most of the paragraphs corrected dates and other information in her first pleading, Ms. Law also presented claims for interest and attorney's

fees. Although titled an amended motion, we assume Ms. Law meant the pleading as a supplement to her first pleading.

Ms. Law's last pleading, "Request for Bill of Review," two paragraphs in length and unsworn, simply said:

Comes now the Petitioner, Eleanor Janice Law, proceeding pro se, and seeks to invoke this court's equitable powers with regard to the above case.

In support thereof, Petitioner incorporates by reference all pleadings filed by Petitioner on and since June 29, 1988.

The pleadings Ms. Law attempted to incorporate in her bill of review were the motion for modification or petition for partition, and first amended motion for modification or amended petition for partition.

### A. *Suit to partition undivided assets.*

■ If we assume Ms. Law's suit was a suit to partition undivided assets, was the summary judgment proper? Yes. The property agreement disposed of all Mr. Law's retirement benefits at NASA. At the time of the divorce, Ms. Law knew Mr. Law had retirement benefits at NASA. Schedule 2 of the property agreement provided that Mr. Law was to have "any and all sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise" related to all of his retirement plans.

Ms. Law's only complaint about the retirement benefits seems to be that she did not know Mr. Law would be able to get part of his retirement in a lump sum payment. She does not claim to have been unaware of his NASA retirement benefits. Only if the community property was not divided by the property agreement, could Ms. Law ask the court to partition it. *Harrell v. Harrell*, 692 S.W.2d 876 (Tex.1985). Because Mr. Law's retirement benefits were community assets that were divided by the divorce, Ms. Law could not file a suit to re-litigate her interest in his benefits.[1]

---

1. The dissent contends Ms. Law raised a fact issue that some community property remains undivided, quoting paragraphs 4 and 15 in the petition for partition. Yet, paragraph 4 states: "*As part of* his retirement benefits, ... [petitioner believes that Mr. Law will receive additional

benefits]." Paragraph 15 merely explains a phrase used in paragraph 4. Because the agreement incident to divorce disposed of *any and all sums* related to Mr. Law's retirement plans, Ms. Law's claim, that "part of" his retirement bene-

## B. *Petition for bill of review.*

If we assume Ms. Law's suit was a bill of review, was the summary judgment proper? Yes. Ms. Law's pleadings did not meet the requirements of a bill of review.

■ We begin this review by acknowledging that the courts do not look on bills of review with favor. *See Crouch v. McGaw*, 134 Tex. 633, 638, 138 S.W.2d 94, 96 (1940); 4 R. McDonald, *Texas Civil Practice in District and County Courts* § 18.27.1 (rev.1984). A bill of review is a separate suit in equity, brought to set aside a judgment in the same court in an earlier suit, when the judgment in the earlier suit is final, is not reviewable by appeal or by writ of error, and does not appear to be void on the face of the record. *State v. 1985 Chevrolet Pickup Truck*, 778 S.W.2d 463 (1989).

### 1. The allegations.

■ Because a bill of review is an equitable proceeding designed to prevent manifest injustice, the courts require a party who challenges a final judgment to allege and prove:

a. a meritorious defense to the earlier cause of action;

b. which the party was prevented from making by fraud, accident, or wrongful act of the opposite party; and

c. which is unmixed with any fault or negligence of the party.

*Baker v. Goldsmith*, 582 S.W.2d 404, 406–407 (Tex.1979); *Forney v. Forney*, 672 S.W.2d 490, 497 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd w.o.j.). The petition for bill of review must state facts sufficient to show the court that petitioner is entitled to a bill of review. *Baker*, 582 S.W.2d at 408.

We find that Ms. Law did not state a meritorious defense to the divorce judgment; Ms. Law did not claim she was prevented from making the defense by fraud, accident, or wrongful act of Mr. Law; and

Ms. Law's participation in drafting the settlement with her husband did not leave her without fault or negligence. On her allegations, therefore, Ms. Law was not entitled to challenge the divorce decree by bill of review.

### 2. Time limits.

■ A petition for bill of review must be filed within the residual four-year statute of limitations. TEX.CIV.PRAC. & REM. CODE ANN. § 16.051 (Vernon 1986); *see also Williams v. Adams*, 696 S.W.2d 156, 160 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). The only exception to the four-year limitation is for petitioner to show extrinsic fraud. *Williams*, 696 S.W.2d at 160.

The divorce decree was signed on June 14, 1982. In civil cases, the date the court signs a judgment begins the time for filing the documents in connection with an appeal. TEX.R.APP.P. 5(b). The divorce decree was not subject to challenge by bill of review after June 14, 1986.

Ms. Law filed her request for bill of review on June 29, 1989, seven years after the decree was entered, and three years after the last date she could have challenged it by bill of review. Because Ms. Law filed the bill of review outside the four year-statute of limitations, the only way she could extend the time was to allege extrinsic fraud.

Extrinsic fraud is fraud which is collateral to the matter tried, and not something that was actually or potentially in issue in the trial. *Crouch*, 134 Tex. at 639, 138 S.W.2d at 97.[2] Extrinsic fraud is the type of fraud that prevents the party from litigating the issues; for example, if a party did not know of the suit.

Ms. Law did not allege extrinsic fraud in any of the three pleadings she filed to initiate this suit or in her response to the motion for summary judgment. At best, Ms. Law complained that she did not know

---

fits were not disposed of, does not raise a fact issue.

**2.** Intrinsic fraud includes false testimony, fraudulent instruments, and any fraudulent matter

that was presented and considered in rendering judgment. *Crouch*, 134 Tex. at 639, 138 S.W.2d at 97. Intrinsic fraud does not furnish a ground for bill of review. *Id.*

**154**

Mr. Law could take his retirement benefits in a lump sum.

For all of these reasons, we overrule point of error one.

## II. Public policy and the property agreement.

In her second point of error, Ms. Law alleges that specific clauses in the property agreement are void because they are against public policy. She urges this point of error for the first time on appeal. Thus, we cannot consider it. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *Tilotta*, 752 S.W.2d at 163. We overrule Ms. Law's second point of error.

The judgment is affirmed.

DUNN, J., dissents.

DUNN, Justice, dissenting.

I respectfully dissent.

I disagree with the reasoning and conclusions reached by the majority. Without considering the question of the bill of review and the unassigned error pertaining to the applicability of the statute of limitations to the bill of review in this case, the disposition of this summary judgment turns on the adequacy of the summary judgment proof.

Before considering the nonmovant's response and supporting evidence, this Court must first determine if the movant established his right to summary judgment.

A summary judgment for the defendant, which disposes of the entire case, is proper only if, as a matter of law, the plaintiff could not succeed upon any of the theories pled. *Lumpkin v. H & C Communications, Inc.*, 755 S.W.2d 538, 539 (Tex.App. —Houston [1st Dist.] 1988, writ denied).

I would hold that the movant failed to establish his right to a summary judgment because a fact issue remains concerning whether there are certain lump sum amounts accumulated during the marriage that were not disposed of in the divorce decree.

Where the divorce decree fails to provide for division of community property, the husband and wife become tenants in common or joint owners thereof. *Busby v. Busby*, 457 S.W.2d 551, 554 (Tex.1970). In such case, the law does not vest title in the spouses before a partition; instead, the spouses own an undivided interest in the property. *Ex parte Williams*, 160 Tex. 314, 316, 330 S.W.2d 605, 606 (Tex.1960). Limitations will not begin to run against a co-tenant until another co-tenant repudiates the first co-tenant's interest in the property. *Mooney v. Glasspool*, 602 S.W.2d 364, 366 (Tex.Civ.App.—Beaumont 1980, writ ref. n.r.e.); TEX.FAM.CODE ANN. § 3.90(a), (b), (c).

The movant's summary judgment evidence consists of an agreement incident to divorce, a copy of the decree of divorce that incorporates the agreement by reference to movant's affidavit in support of his motion for summary judgment, and nonmovant's petition for modification, partition, and bill of review.

The nonmovant asserted in her petition for partition the following:

4. As part of his federal retirement benefits from the Johnson Space Center, Petitioner *has reason to believe that* Robert A. Law very recently received or will receive the lump sum of approximately $28,000.00 and *perhaps additional monies or benefits.*

6. .... Petitioner was unaware of the sum or *potential sums.*

(Emphasis added.)

Her supplemental petition for partition contained the following paragraph:

15. The phrase *additional monies or benefits* used in paragraph et seq of the June 29 pleading is intended to include monthly retirement and *other benefits (at this time the amount and the nature of which is unknown to Petitioner)*, as well as the lump sum, of approximately $28,000, the exact amount of which is also unknown to Petitioner at this time.

(Emphasis added.)

A liberal interpretation of the nonmovant's pleadings would indicate that the non-

movant believes movant received a lump sum of money in an approximate amount of $28,000, which she believes to be a part of his retirement, as well as "additional monies;" she was unaware of this sum, or "potential sums; she believes that the sum, or potential sums, were accumulated during the marriage and are community property of which she is entitled to at least 50%. *Troutman v. Traeco Bldg. Sys. Inc.*, 724 S.W.2d 385, 385 (Tex.1987); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985).

The settlement agreement, incorporated by reference in the decree of divorce, has attached a "Schedule 1 Property to Wife," and a "Schedule 2, Property to Husband"; each schedule lists specific property to each of the spouses but does not list any lump sum amounts. Also, the schedules contain the following general provision:

7. Any and all sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit sharing plan, retirement plan, pension plan, or like benefit program existing by reason of Wife's (Husband's) past, present, or future employment.

The applicable portion of movant's affidavit in support of his motion for summary judgment asserts:

My former wife, ELEANOR JANICE LAW, and I were divorced in the 257th District Court of Harris County, Texas, on June 14, 1982. At that time, we entered into an Agreement Incident to Divorce, which made a complete and final disposition of our community property. The agreement, among other things, disposed of the employee and retirement benefits of both parties and all real property owned by the community, including the residence located at 5518 Whispering Creek, Houston, Texas 77017.

At the time of our divorce, ELEANOR JANICE LAW, was an attorney. Nothing was concealed from her by me in arriving at that agreement. She has now filed various actions in the 257th District Court, attempting to reopen the divorce

and redistribute the community property which was divided by the divorce of 1982.

The property settlement agreement contains a general paragraph as to retirement benefits but does not specifically identify any lump sum as part of the retirement benefits, nor does the agreement make disposition of *any other type of "lump sum" of money*.

Movant does not state in his affidavit that the lump sum in question, or other lump sums, were disposed of in the division of property on divorce by reason of the sums being a part of the retirement benefits generally referenced in the schedules, or by reason of the lump sums being specifically disposed of in the agreement. He merely calls attention to this general provision pertaining to retirement. He did not deny the receipt of additional lump sums of money from other sources; he does not assert that the lump sums did not exist during the marriage, or that if they did exist, they were not community property.

I would find that a fact issue exists concerning the lump sums nonmovant asserts may be retirement or other additional monies that were accumulated during the marriage and not divided on divorce.

I would reverse the summary judgment granted by the trial court.