CV5-240 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00240-CV







Jim Holmans, Appellant



v.



International Mobile Tracking Systems, Inc., d/b/a IMTS, Appellee







FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY


NO. 220,442, HONORABLE J. D. PHILLIPS, JUDGE PRESIDING







PER CURIAM




 Jim Holmans appeals from the trial-court order granting International Mobile Tracking
System's (IMTS) motion for summary judgment and denying his motion for summary judgment. Holmans
sued IMTS based on a check for $14,500, which was unpaid because of insufficient funds. IMTS moved
for summary judgment on three grounds; the court rendered a general summary judgment. We will affirm
the trial-court judgment.

Background


 Bill Mosley is the president of IMTS and owns 65% of its stock. He wrote the check in
question on an IMTS account as a payment under a contract for deed for a house that Mosley had
purchased from Holmans. After several years of payments, Mosley fell behind. In December 1991, he
wrote Holmans the check on an IMTS account. It is undisputed that Holmans understood this check to
be a payment under the contract for deed. In June or July 1992, Holmans notified Mosley that he was
exercising his forfeiture rights under the contract and told Mosley to move off the property, which he did. 
In February 1994, Holmans sued on the check.

 Both parties moved for summary judgment. The court rendered a general summary
judgment for IMTS, which had moved for summary judgment based on election of remedies, failure of
consideration, and discharge in bankruptcy.

Summary Judgment

 On review of a summary judgment, the movant for summary judgment has the burden of
showing that there is no genuine issue of material fact and it is entitled to summary judgment as a matter of
law. Nixon v. Mr. Property Management Co., Inc., 690 S.W.2d 546, 548-49 (Tex. 1985). The
dispositive issue is not whether the summary judgment proof raises fact issues, but whether the summary
judgment proof establishes as a matter of law that there is no genuine issue of material fact. See Gibbs v.
General Motors Corp. 450 S.W.2d 827, 828 (Tex. 1970). When the trial-court order does not specify
the ground relied on for the ruling, this court affirms the trial-court judgment if the summary judgment
evidence entitles appellee to summary judgment on any one of the grounds asserted for each cause of action
alleged by appellant. Law v. Law, 792 S.W.2d 150, 151 (Tex. App.--Houston [1st Dist.] 1990, writ
denied). To obtain reversal, the appellant must show that each ground alleged as a basis for summary
judgment was insufficient to support the judgment. See Rogers v. Ricane Enters., Inc., 772 S.W.2d 76,
79 (Tex. 1989). 

"Election of Remedies"


 IMTS argues that Holmans elected his remedy when he exercised his right under the
contract for deed to have the property forfeited. Holmans argues that, as the holder of an insufficient funds
check, he had the option of suing on the instrument or on the underlying obligation, and he chose to sue on
the instrument. Both parties understood that Mosley gave Holmans the IMTS check as a payment under
the contract for deed, which is the "underlying obligation." We will first discuss the underlying obligation
and then the relationship between the payment by check and the underlying obligation.

Contract for Deed

 A contract for deed, or executory contract for the sale of real property, is a method of
purchasing real property. In general, a party purchasing property under a contract for deed runs the risk
that if he fails to make even one payment under the contract, he will forfeit the property and the seller will
retain all payments made up to the time of forfeiture as liquidated damages. See generally Sanchez v.
Brandt, 567 S.W.2d 254, 259 (Tex. Civ. App.--Corpus Christi 1978, writ ref'd n.r.e.). This type of
provision has been upheld as a valid liquidated damages provision. Dixon v. Brooks, 604 S.W.2d 330,
334 (Tex. Civ. App.--Houston 1980, writ ref'd n.r.e.); Grant v. Sherwood Shores, 477 S.W.2d 667,
671 (Tex. Civ. App.--Austin 1972, no writ).

 Under the contract between Holmans and Mosley, Holmans had two options in the event
of default: (1) take back the property along with any improvements and keep all payments made as
liquidated damages, or (2) sue for all amounts due and owing under the contract. This is not a foreclosure
situation in which the property can be foreclosed on, sold, and the defaulting property owner sued for any
deficiency between the amount of a note and the amount obtained from the sale of the property. In essence,
Holmans to both take back the property and "sue for the deficiency" in that he claims that more than one
month's payment was owed him by the time he exercised his option to take back the house.

 If Mosley simply had failed to make payments under the contract, then under the contract
Holmans could not accomplish what he is attempting to accomplish in this litigation. The question then
becomes the effect, if any, of the payment by check.

UCC 3.802: Effect of instrument on obligation for which it is given (1)

 When an instrument, such as a check, is taken for an underlying obligation, the obligation
is suspended until the instrument is due or, if payable on demand, when presented. Tex. Bus. & Com.
Code Ann. § 3.802(a)(2) (Tex. UCC) (West 1994). If a check is dishonored, "action may be maintained"
on either the instrument or the obligation. Id. Holmans exercised his right to forfeiture of the property
under the contract for deed, the "underlying obligation," over two years before suing on the check. The
question now is whether his act in repossessing the house was an action on the underlying obligation,
although it is undisputed that he did not have to resort to the use of judicial process to exercise his
contractual rights.

 We see no reason for the buyer in this cause to be disadvantaged because he did not resist
the exercise of the seller's right to forfeiture of the property and force the seller to litigate. Holmans chose
to take action on the underlying obligation by exercising one option that the underlying obligation gave
him--forfeiture of the house and retention of the payments made as liquidated damages. Holmans offers
no persuasive reason why he should be put in a better position than he would have been had payments
simply not been made. (2)

 We overrule Holmans' two points of error that the trial court erred in granting IMTS'
motion for summary judgment and in not granting his. We affirm the trial-court judgment.


Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: September 25, 1996

Do Not Publish
1.   Chapter Three of the Uniform Commercial Code was amended effective January 1, 1996. 
The amended version does not apply to this cause. Act of May 28, 1995, 74th Leg., R.S., ch. 921,
§ 9, 1995 Tex. Gen. Laws 4643.
2.   Whatever complaint IMTS or the owners of the other 35% of the stock might have against
Mosley for writing a check on the corporate account to cover a personal debt is not an issue in
this cause.



s the "underlying obligation." We will first discuss the underlying obligation
and then the relationship between the payment by check and the underlying obligation.

Contract for Deed

 A contract for deed, or executory contract for the sale of real property, is a method of
purchasing real property. In general, a party purchasing property under a contract for deed runs the risk
that if he fails to make even one payment under the contract, he will forfeit the property and the seller will
retain all payments made up to the time of forfeiture as liquidated damages. See generally Sanchez v.
Brandt, 567 S.W.2d 254, 259 (Tex. Civ. App.--Corpus Christi 1978, writ ref'd n.r.e.). This type of
provision has been upheld as a valid liquidated damages provision. Dixon v. Brooks, 604 S.W.2d 330,
334 (Tex. Civ. App.--Houston 1980, writ ref'd n.r.e.); Grant v. Sherwood Shores, 477 S.W.2d 667,
671 (Tex. Civ. App.--Austin 1972, no writ).

 Under the contract between Holmans and Mosley, Holmans had two options in the event
of default: (1) take back the property along with any improvements and keep all payments made as
liquidated damages, or (2) sue for all amounts due and owing under the contract. This is not a foreclosure
situation in which the property can be foreclosed on, sold, and the defaulting property owner sued for any
deficiency between the amount of a note and the amount obtained from the sale of the property. In essence,
Holmans to both take back the property and "sue for the deficiency" in that he claims that more than one
month's payment was owed him by the time he exercised his option to take back the house.

 If Mosley simply had failed to make payments under the contract, then under the contract
Holmans could not accomplish what he is attempting to accomplish in this litigation. The question then
becomes the effect, if any, of the payment by check.

UCC 3.802: Effect of instrument on obligation for which it is given (1)

 When an instrument, such as a check, is taken for an underlying obligation, the obligation
is suspended until the instrument is due or, if payable on demand, when presented. Tex. Bus. & Com.
Code Ann. § 3.802(a)(2) (Tex. UCC) (West 1994). If a check is dishonored, "action may be maintained"
on either the instrument or the obligation. Id. Holmans exercised his right to forfeiture of the property
under the contract for deed, the "underlying obligation," over two years before suing on the check. The
question now is whether his act in repossessing the house was an action on the underlying obligation,
although it is undisputed that he did not have to resort to the use of judicial process to exercise his
contractual rights.

 We see no reason for the buyer in this cause to be disadvantaged because he did not resist
the exercise of the seller's right to forfeiture of the property and force the seller to litigate. Holmans chose
to take action on the underlying obligation by exercising one option that the underlying obligation gave
him--forfeiture of the house and retention of the payments made as liquidated damages. Holmans offers
no persuasive reason why he should be put in a better position than he would have been had payments
simply not been made. (2)

 We overrule Holmans' two points of error that the trial court erred in granting IMTS'
motion for summary judgment and in not granting his. We affirm the trial-court judgment.


Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: September 25, 1996

Do Not Publish
1.   Chapter Three of the Uniform Commercial Code was amended effective January 1, 1996. 
The amended version does not apply to this cause. Act of May 28, 1995, 74th Leg., R.S., ch. 921,
§ 9, 1995 Tex. Gen. Laws 4643.