COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



MARIA SOTELO,


 Appellant,


v.


JAMES SCHERR, SCHERR, LEGATE &
EHRLICH, P.L.L.C., SCHERR &
LEGATE, P.C., DAVID BINGHAM, BS
JOINT VENTURE, INC., AND THE
BROKER COMPANY,


 Appellees.
§


 


§


 


§


 


§


 


§


 


 § 


§ 

No. 08-06-00019-CV
 


Appeal from the


34th District Court 


of El Paso County, Texas 


(TC# 2005-7121) 



O P I N I O N


 Appellant, Maria Sotelo, appeals the trial court's entry of summary judgment in favor of
Appellees, James Scherr; Scherr, Legate & Ehrlich, P.L.L.C.; Scherr & Legate, P.C.; David
Bingham; BS Joint Venture, Inc.; and The Broker Company (Appellees will be referred to
collectively as the "Venture"). We will affirm.

FACTUAL AND PROCEDURAL BACKGROUND


 Maria and Daniel Sotelo were married from December 28, 1971, until October 20, 2000. 
During the marriage, the couple acquired several pieces of real property, including their marital home
at 4117 La Brigada and rental property at 421 Canal, both in El Paso. The final divorce decree
awarded both properties to Maria Sotelo.

 In January 1991, Daniel Sotelo had signed an earnest money contract to purchase an
additional piece of property at 216 S. Florence in El Paso, from BS Joint Venture Company. (1) When
Daniel Sotelo defaulted on the earnest money contract, BS Joint Venture filed suit (Cause No. 91-2527) and obtained a judgment for $82,000, plus court costs, for breach of contract. The judgment
in Cause No. 91-2527 was entered on December 5, 1994. No appeal was taken from the 1994
judgment.

 In December 2001, the Venture obtained a writ of execution on Sotelo's (2) property at 421
Canal. The property was sold by sheriff's sale in February 2002. (3) On July 15, 2002, Sotelo filed her
original petition in the case underlying this appeal. Sotelo alleged that she had been unaware of her
(by then, former) husband's entry into a contract with BS Joint Venture and was never notified of
the lawsuit or judgment in Cause No. 91-2527. She petitioned the trial court to grant an equitable
bill of review to set that judgment aside. Sotelo also asserted several causes of action against the
Venture, including claims for "wrongful sheriff's sale," fraud, misrepresentation, attorney
malpractice, and usury.

 The Venture filed a hybrid motion for summary judgment on July 6, 2004. On October 6,
2005, the trial court granted Appellees' motion for summary judgment on all of Sotelo's causes of
action and on her petition for bill of review. Sotelo challenges the summary judgment in three
issues. In Issue One, Sotelo argues that the court erred in granting summary judgment, based on the
Venture's limitations defense, on her bill of review. In Issue Two, Sotelo argues that summary
judgment was improper, because the summary judgment record does raise a genuine issue of material
fact to support her claim of a wrongful sheriff's sale. In Issue Three, Sotelo argues that the trial court
erred by entering a "take-nothing" judgment in the Venture's favor, because its summary judgment
motion did not address her usury claim. Finding no error, we will affirm.

DISCUSSION


 We review summary judgments de novo. Valence Operating Co. v. Dorsett, 164 S.W.3d 656,
661 (Tex. 2005). In this case, the Venture filed a hybrid motion for summary judgment under Texas
Rules of Civil Procedure 166a(b) and 166a(i). See Tex. R. Civ. P. 166a. Under Rule 166a(b), the
"traditional" summary judgment standard, the movant has the burden to show that no genuine issues
of material fact exist and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(b);
Western Invs., Inc. v. Urena, 162 S.W.3d 547, 550 (Tex. 2005). Once the movant has established
a right to summary judgment, the burden shifts to the nonmovant to bring forth evidence creating
a fact issue. When reviewing a summary judgment, we view the evidence in the light most favorable
to the nonmovant and resolve any doubt in the nonmovant's favor. Id.

 Under Rule 166a(i), a "no-evidence" motion, a party may move for summary judgment,
"[a]fter adequate time for discovery," on the ground that there is no evidence of one or more
essential elements of a claim or defense raised by the adverse party. See Tex. R. Civ. P. 166a(i);
Urena, 162 S.W.3d at 550. A no-evidence point will be sustained when (1) there is an absence of
evidence of a vital fact, (2) the court is barred by rules of law or evidence from considering the
evidence offered in support of a vital fact, (3) the evidence offered is no more than a mere scintilla,
or (4) the evidence conclusively establishes the opposite of the fact at issue. King Ranch, Inc. v.
Chapman, 118 S.W.3d 742, 750-51 (Tex. 2003). The moving party will prevail, unless the
respondent produces summary judgment evidence raising a genuine issue of material fact. See Tex.
R. Civ. P. 166a(i); Urena, 162 S.W.3d at 550. When, as in this case, the trial court's order does not
specify the ground(s) upon which it relied for its ruling, we must affirm if any of the theories asserted
in the motion is meritorious. Urena, 162 S.W.3d at 550.

 In Issue One, Sotelo argues that the trial court erred in granting summary judgment in the
Venture's favor on her bill of review. A bill of review is an equitable action used to set aside a
judgment which is no longer appealable or subject to challenge by a motion for new trial. King
Ranch, 118 S.W.3d at 751. A bill of review is proper only in very limited circumstances. See
Montgomery v. Kennedy, 669 S.W.2d 309, 312 (Tex. 1984) ("the grounds on which interference
[with a prior judgment] will be allowed are narrow and restricted"). "A bill of review is proper
where a party has exercised due diligence to prosecute all adequate legal remedies against a former
judgment, and at the time the bill of review is filed, there remains no such adequate legal remedy still
available because, through no fault of the bill's proponent, fraud, accident, or mistake precludes
presentation of a meritorious claim or defense." King Ranch, 118 S.W.3d at 751. Generally, a bill
of review petitioner must plead and prove (1) a meritorious defense to the cause of action alleged
to support the judgment, (2) which the petitioner was prevented from making by the fraud, accident,
or wrongful act of his opponent, and (3) the petitioner was not negligent. Id. at 751-52.

 In its no-evidence motion, the Venture asserted that Sotelo's bill of review was barred by the
statute of limitations. Absent a showing of extrinsic fraud, a bill of review must be filed within four
years of the date of the judgment which the proponent seeks to set aside. (4) See Tex. Civ. Prac. &
Rem. Code Ann. § 16.051; Caldwell v. Barnes, 975 S.W.2d 535, 538 (Tex. 1998). "Extrinsic fraud"
is fraud that denied a party the opportunity to fully litigate all the rights and defenses that the party
was entitled to assert at trial. King Ranch, 118 S.W.3d at 752; Law v. Law, 792 S.W.2d 150, 153
(Tex. App.--Houston [1st Dist.] 1990, writ denied). It is wrongful conduct practiced outside the trial,
such as preventing a party from going to court, making false promises of compromise, or denying
a party knowledge of the suit. Law, 792 S.W.2d at 153. Extrinsic fraud is collateral fraud in the
sense that it is not directly related to the matter actually tried, nor is it directly related to something
that was actually or potentially in issue at trial. See id.

 In contrast, intrinsic fraud includes any fraudulent matter that was presented to the trial court
and considered in reaching the judgment. See Tice v. City of Pasadena, 767 S.W.2d 700, 702 (Tex.
1989). Intrinsic fraud will not serve as grounds for a bill of review. Id.

 To bring a bill outside the limitations period, it is the petitioner's burden to show the
presence of extrinsic fraud. See Manley v. Parsons, 112 S.W.3d 335, 338 (Tex. App.--Corpus
Christi 2003, pet. denied); Defee, 966 S.W.2d at 722; Law, 792 S.W.2d at 153.

 The judgment which Sotelo is seeking to set aside was entered on December 5, 1994. She
did not file her petition for bill of review until July 15, 2002. Therefore, without evidence of
extrinsic fraud, Sotelo's bill of review is barred by the statute of limitations. See Tex. Civ. Prac.
& Rem. Code Ann. § 16.051; Parsons, 112 S.W.3d at 338. Once the Venture established that the
judgment in Cause No. 91-2527 was more than four years old at the time Sotelo filed her bill, it
became her burden to raise a genuine issue of material fact regarding extrinsic fraud perpetrated by
the Venture. See Tex. R. Civ. P. 166a(c); Parsons, 112 S.W.3d at 338.

 Sotelo argues that the Venture acted fraudulently by taking a judgment against an individual
against whom it had no claim. Sotelo continues that she was not a party to the contract underlying
the original lawsuit and that the Venture did not make any allegations against her. These claims,
even if true, are not of the character that the Texas Supreme Court has identified as extrinsic fraud. 
See King Ranch, 118 S.W.3d at 752. As the Court explained, "Issues underlying the judgment
attacked by a bill of review are intrinsic and thus have no probative value on the fraud necessary to
a bill of review." Id. (citing Tice, 767 S.W.2d at 702). Whether Maria Sotelo was a proper party to
the original suit and whether she could be held liable, based on the allegations which the Venture
made against her former husband, are questions that were directly related to actual or potential issues
in Cause No. 91-2527. See id. (describing intrinsic fraud as related "to the merits of the issues that
were presented and presumably were or should have been settled in the former action"). These legal
issues do not fit the definition of extrinsic fraud and are therefore not proper bases for an equitable
bill of review filed outside the statute of limitations. See id.

 Sotelo also argues that the Venture did commit extrinsic fraud by failing to provide her with
notice of the suit, and later, of the judgment, in Cause No. 91-2527. While we agree that a party's
fraudulent failure to provide a defendant with service of process, in order to obtain a judgment
without the defendant's knowledge, constitutes extrinsic fraud, (5) this is not a case of failure of
service. Sotelo contends that she was never personally made aware of the underlying action and that
the Venture is responsible for her lack of knowledge. Having reviewed the record on summary
judgment, we have concluded that no genuine issue of material fact was raised on this issue.

 Sotelo does not dispute that she was named as a defendant in Cause No. 91-2527. (6) The
record shows that multiple documents, including notices of summary judgment hearings and of entry
of a judgment in the case, were delivered by certified mail to the Sotelo home. Some of the certified
documents were addressed to Sotelo in addition to her husband. In its order allowing attorney
Stewart to withdraw from the case, the trial court stated that, although they were "duly notified,"
"Daniel Sotelo and Maria Sotelo failed to appear." Thereafter, defense counsel continued to serve
both Sotelos with notices of actions taken in the case at the couple's home address. Sotelo admitted
in her deposition that it was likely that the documents were delivered to her home, regardless of the
fact that they were not brought to her attention. In short, while Sotelo argues that she had no
knowledge of the lawsuit, she has not directed us to any evidence of the Venture's purposeful fraud
or of its intent to prevent her from defending the suit. See Layton, 141 S.W.3d at 763 (purposeful
fraud is an important element in establishing extrinsic fraud).

 Viewing the evidence in the light most favorable to Sotelo, as the nonmovant, one could infer
that her former husband may have hidden the original lawsuit from Sotelo, until the Venture acted
on the writ of execution years after the judgment. However, even indulging that inference, the
evidence does not raise a material fact issue regarding the Venture's commission of extrinsic fraud. 
In the absence of extrinsic fraud by the Venture, Sotelo cannot avoid the statute of limitations. (7) Id. 
We therefore overrule Issue One.

 In Issue Two, Sotelo contends that the sheriff's sale of her property at 421 Canal is void,
because the judgment in Cause No. 91-2527 was allegedly not final. (8) The Venture responds that this
is an impermissible collateral attack on the judgment. "A collateral attack is an attempt to avoid the
binding force of a judgment in a proceeding not instituted for the purpose of correcting, modifying,
or vacating the judgment, but in order to obtain some specific relief which the judgment currently
stands as a bar against." Browning v. Prostok, 165 S.W.3d 336, 346 (Tex. 2005). To prevail on a
collateral attack, the challenger must show that the judgment is void on its face. See Stewart v. USA
Custom Paint & Body Shop, Inc., 870 S.W.2d 18, 20 (Tex. 1994). A judgment is void, rather than
voidable, only when it is apparent that the court had no jurisdiction over the subject matter or parties
to the suit or no capacity to act. See Browning, 165 S.W.3d at 346.

 Sotelo's claim for wrongful sheriff's sale is based solely on her contention that the judgment
in the Venture's lawsuit was interlocutory. This very issue was adjudicated on October 28, 2004,
by the trial court's denial of Sotelo's motion to dismiss Cause No. 91-2527. In the order denying
Sotelo's motion to dismiss, the trial court concluded:

 This Court entered a Final Judgment in this case on December 5, 1994. After review
of the language of the Judgment, the transcript and the record as a whole, the Court
finds that the Judgment entered by this Court on December 5, 1994 was intended to
be and is a Final Judgment. Accordingly the Court's plenary power has expired in
this case. (9)


 Sotelo's claim for wrongful sheriff's sale is, in essence, an attempt to avoid the force of the
judgment and therefore constitutes a collateral attack upon it. See Browning, 165 S.W.3d at 346. 
Sotelo did not prove, or even argue, that the judgment was void for lack of jurisdiction. Without
such a showing, Sotelo's collateral attack fails as a matter of law. See Stewart, 870 S.W.2d at 20
(challenger's burden is to show judgment is facially void to prevail in collateral attack). The trial
court did not err by granting the Venture's motion for summary judgment, and Issue Two is
overruled.

 In Issue Three, Sotelo argues that the trial court improperly granted summary judgment on
her usury claim, because the claim was not challenged in the Venture's motion. The record does not
support Sotelo's argument. Sotelo's original petition, filed on July 15, 2002, did not contain a claim
for usurious interest. Sotelo added the usury claim in her "Second Amended Petition," filed on
August 12, 2004. By that time, the Venture had already filed, and amended, its motions for summary
judgment. On November 12, 2004, the Venture filed a supplemental motion for summary judgment,
in which it challenged the usury claim. The trial court's summary judgment specifies that it is based
on the Venture's amended and supplemental motions.

 In its supplemental motion, the Venture challenged all three elements of Sotelo's usury cause
of action on "no evidence" grounds. (10) We have been unable to find, and Sotelo has not provided us
with, citations to documents in the summary judgment record in which she provided the trial court
with evidence raising a genuine issue of material fact on the elements of her usury claim. Without
such evidence, the trial court did not err in granting the Venture's no-evidence motion on the usury
claim. See Tex. R. Civ. P. 166a(i); Urena, 162 S.W.3d at 550. Issue Three is overruled.

CONCLUSION


 Having overruled all of Appellant's issues, we affirm the trial court's judgment.


 KENNETH R. CARR, Justice


December 13, 2007


Before Chew, C.J., McClure, and Carr, JJ.

1. Appellee David Bingham, its president, signed the contract as Appellee BS Joint Venture's representative. 
Appellee James Scherr was also an officer of the organization at that time. Bingham and Scherr owned the entity at all
times relevant to this case.
2. Unless Daniel Sotelo is specifically named, this and all subsequent references herein to "Sotelo" shall be to
Appellant, Maria Sotelo.
3. The property was purchased by Appellee The Broker Company for $8,000. The Broker Company is a real
estate investment company formed by Scherr. At the time this lawsuit was filed, Scherr was still an officer of the
company, although his interest in the business had been transferred to a "children's family trust" some time before the
Canal property was seized.
4. Sotelo argues on this point that the Venture's summary judgment burden on limitations included negating the
discovery rule. In order to gain the benefit of the discovery rule, however, Sotelo must have produced evidence that she
was prevented from defending the suit, because of the Venture's extrinsic fraud. See Vandehaar v. ALC Fin. Corp., 25
S.W.3d 406, 409 n.2 (Tex. App.--Beaumont 2000, pet. denied) (citing Defee v. Defee, 966 S.W.2d 719, 722 (Tex. App.--San Antonio 1998, no pet.)). Because the summary judgment record does not raise a genuine issue of material fact
regarding the Venture's extrinsic fraud, there is no need to address the discovery rule.
5. See Layton v. Nationsbanc Mortgage Corp., 141 S.W.3d 760, 763 (Tex. App.--Corpus Christi 2004, no pet.).
6. Sotelo argues that her appearance in the suit as a defendant was erroneous, because attorney Gordon Stewart
did not have authority to represent her. We note, however, that the law presumes that an attorney acts with authority. 
See Johnson v. Rancho Guadalupe, Inc., 789 S.W.2d 596, 598 (Tex. App.--Texarkana 1990, writ denied). In addition,
a party can waive service of process by voluntarily entering an appearance in a lawsuit. See Seals v. Upper Trinity Reg'l
Water Dist., 145 S.W.3d 291, 296 (Tex. App.--Fort Worth 2004, pet. dism'd). Whether Stewart acted improperly by
adding Sotelo's name to the suit is not an issue in the case before us. Here, we are limited to Sotelo's allegations against
the Venture. 
7. Sotelo also asserts that a bill of review petitioner is relieved of her burden to prove a lack of fault and
negligence in cases where the district court fails to provide notice of the entry of a default judgment. As we have
discussed, the only exception to the statute of limitations for a bill of review is extrinsic fraud of the opposing party. See
Parsons, 112 S.W.3d at 338. Without summary judgment evidence raising a fact issue on the Venture's extrinsic fraud,
we do not reach the issue of whether Sotelo also raised fact issues on the primary elements of her petition for bill of
review. Therefore, we need not address whether Sotelo was relieved of the burden of proof in her bill on the ground that
she was not notified of the judgment in Cause No. 91-2527 by the district clerk.
8. Sotelo actually contends that the judgment in No. 91-2527 is still not final. We note in passing that a bill of
review can be sought only to set aside a final judgment. See Tex. R. Civ. P. 329b(f) ("On expiration of the time within
which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review . . ."). 
If there were no final judgment in No. 91-2527, we would therefore presumably be forced to dismiss this appeal for want
of jurisdiction. However, for the reasons set forth below, we are convinced that the judgment had been final for more
than seven years at the time of the sheriff's sale in 2002.
9. Following this order, Sotelo petitioned this Court to issue a writ of mandamus arguing that the trial court
clearly abused its discretion by determining that its plenary power had expired. See In re Sotelo, 162 S.W.3d 632 (Tex.
App.--El Paso 2005, orig. proceeding [mand. denied]). Her petition was denied due to a lack of evidence that the trial
court had clearly abused its discretion. Id.
10. The elements of a claim for usury are: (1) The defendant loaned money to the plaintiff; (2) the plaintiff had
an obligation to repay the principal amount owed; and (3) the defendant contracted for, charged, or received interest that
exceeded the maximum amount allowed by law. See First Bank v. Tony's Tortilla Factory, Inc., 877 S.W.2d 285, 287
(Tex. 1994).