Opinion issued July 6, 2007















Opinion issued July 6, 2007

 

 

 

 

 

 








 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-05-1063-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



GEORGE DALE BROWN, JR., Appellant

 

V.

 

TERESA LYNN BROWN, Appellee

 

 



On Appeal from the 309th District Court

Harris County, Texas

Trial Court Cause No. 2004-35186








 

 



O P I N I O N

 

George Dale Brown appeals the trial
court’s denial of his petition for a post-divorce division of his former wife
Teresa’s 401(k) plan and employment performance bonuses she had accrued but not
received by the date of the divorce, as well as the court’s post-divorce
apportionment of her pension benefits. 
As the trial court correctly concluded, res judicata bars George’s claims
against Teresa’s 401(k) plan and bonuses. 
The trial court also acted within its discretion in making a just and
right division of the pension benefits earned during the marriage.  We therefore affirm.   

Background

 

George Dale Brown and Teresa Lynn
Payne (formerly Brown) divorced in June 2004. 
During the marriage, Teresa gained employment with Purdue Pharma, L.P.  Her position with the company entitles her to
discretionary performance-related bonuses, which she receives on a quarterly
basis.  The retirement benefits provided
to her by Purdue Pharma include both a 401(k) retirement plan and a pension
plan.  About a year before the divorce,
Teresa had taken out a loan through her employer against her 401(k) plan.  On the date of divorce, the outstanding loan
amounted to approximately $20,000.  

As instructed by the trial court,
George and Teresa each submitted an inventory itemizing the community assets
and liabilities and proposing their apportionment.  The court also considered additional evidence
of the community estate.  With respect to
her bonuses, Teresa testified at the divorce proceeding as follows:

Q:      Okay.  While we are on the inventory and discussing
money, you are to get a bonus for the fourth quarter of 2003; is that correct?

 

A:      Uh-huh.

 

Q:      Okay.  And then you’ve got a bonus that will be
accrued possibly for the first quarter of 2004 and you won’t know about that
until June; is that correct?  

 

A:      That’s
correct.

 

On March 22, 2004, the court ruled on
the division of marital estate.  The
associate judge handling the case prepared a report summarizing the terms of the
divorce and containing a chart dividing the property assets and liabilities
between the parties.  To construct the
chart, the associate judge began with a copy of George’s inventory and proposed
property division and then interlineated it when his decisions deviated from
George’s proposals.  Among the proposals
rejected or altered by the court were:

(1) An item entitled “Unaccounted Deposits from Wife’s
Earnings for 2002 and 2003” in the approximate amount of $10,000, which the
court struck in its entirety;

 

(2) An item entitled “Wife’s Chase Bank Checking Account”
in the amount of $5,811.00, which the court reduced to $1,000, the amount
reflected on Teresa’s inventory; 

 

(3) An item entitled “Wife’s Fidelity Investments 401(k)
Plan,” in the amount of $160,000, in which George proposed that he and Teresa
be awarded equal shares of $80,000 each. 
The trial court struck George’s estimated value, inserted the $136,000
estimated value from Teresa’s inventory sheet, struck the proposed award to
George and wrote the $136,000 in the chart as an award to Teresa.  

 

The associate judge’s notes also
state:  “H’s request for language re furnishings,
tax related documents, disposition of bonuses and excess 401(k) is denied.”

          The
trial court signed the final divorce decree on June 2, 2004.[1] Neither
party sought any postjudgment relief or noticed an appeal from the divorce
decree.  Thirty-four days later, on July
6, 2004, George petitioned the trial court for a post-divorce division of
property, asking that that the court apportion and award him funds from (a)
Teresa’s pension plan which she allegedly failed to disclose; (b) Teresa’s
401(k) Plan, which, he contended, was worth substantially more than she had
represented during the divorce; and (c) bonuses earned by Teresa during the fourth
quarter of 2003, which she also allegedly failed to disclose.

The trial court heard evidence in the
cause on May 26, 2005 and June 9, 2005. 
In its July 14, 2005 judgment, the court found that Teresa’s pension
plan was not divided at the time of the parties’ divorce and awarded George 40%
of the benefits accrued in that pension plan during the marriage.  In addressing George’s remaining challenges
concerning Teresa’s employment income and benefits, the trial court ordered Teresa
to be “awarded one hundred percent (100%)” and declared that “George Dale Brown
is divested of his interest in all sums contained within Teresa Lynn Brown’s
401(k) Retirement Plan with Purdue Pharma.” 
Also, the trial court dismissed with prejudice George’s claim relating
to Teresa’s bonuses. 

On September 12, 2005, the trial
court issued findings of fact and conclusions of law in response to George’s
request.  Pertinent to this appeal, the
court concluded that “[a]ll of Teresa’s interest in the 401(k) Plan was disposed
of at the time of trial and no post divorce division is appropriate.”  The trial court also concluded that George’s
claims against Teresa’s fourth quarter 2003 and first quarter 2004 employee
bonuses were barred by res judicata. 
This appeal followed.

Discussion

 

The Family Code authorizes a trial
court to order the post-divorce division of community property which was not divided in a
final divorce decree. See Tex.
Fam. Code Ann. § 9.201 (Vernon 2006). “Either former spouse may file a
suit as provided by this subchapter to divide property not divided or awarded to a spouse in a final decree of
divorce or annulment.” Id.
§ 9.201(a). “If a court of this state failed to dispose of property subject to division in a final decree of divorce
or annulment even though the court had jurisdiction over the spouses or over
the property, the court shall
divide the property in a manner
that the court deems just and right . . . .” Id. § 9.203(a) (Vernon 2006).

The Family Code also allows a court
to enter further orders to enforce the division
of property; to assist in the
implementation of the order; to clarify the order; and to “specify more
precisely the manner of effecting the property
division previously made,” as
long as the substantive division
of property is not altered or changed.
Tex. Fam. Code Ann. § 9.006(a),
(b) (Vernon 1998); Cox v. Carter, 145 S.W.3d 361, 364 (Tex. App.—Dallas 2004, no pet.).  A subsequent order may clarify a decree to
correct an ambiguity so that the parties to that decree may comply with its
terms.  See Tex. Fam. Code Ann.
§ 9.008(b) (Vernon
(2006) (court may enter “clarifying order” to enforce compliance with
insufficiently specific decree); Tex.
Fam. Code Ann. § 9.006(a), (b) (Vernon 2006) (court may “render further
orders to enforce the division
of property made in the decree .
. . to assist in the implementation of or to clarify the prior order”; and may “specify
more precisely the manner of effecting the property division
previously made if the substantive division
of property is not altered or
changed”); Shanks v. Treadway, 110
S.W.3d 444, 447 (Tex. 2003).

In neither endeavor, however, may a
trial court “amend, modify, alter, or change the division of property
made or approved in the decree of divorce or annulment.” Tex. Fam. Code Ann. § 9.007(a) (Vernon 2006).  Res judicata applies to a final divorce
decree just as it does to any other final judgment, barring subsequent
collateral attack even if the divorce decree improperly divided the property.  Baxter
v. Ruddle, 794 S.W.2d 761, 762 (Tex.
1990); Cook v. Cameron, 733
S.W.2d 137, 140 (Tex.
1987).  Clarification orders thus cannot
be used to make a substantive change in a divorce decree after it becomes
final.  Shanks, 110 S.W.3d at 449. 
The trial court may not change the decree’s division of property even if
it contains substantive legal error. See
id. (declaring that party’s “remedy for a substantive error of law by the
trial court was by direct appeal, and he cannot now collaterally attack the
judgment”). 

Standard of Review 

 

          George challenges the legal sufficiency of the facts found by
the court as well as the correctness of its legal conclusions that the 401(k)
assets and unpaid bonuses had already been addressed in the divorce
proceeding.  “In an appeal from a bench trial, a trial
court’s findings of fact
have the same weight as a jury’s verdict.” 
HTS Servs., Inc. v. Hallwood
Realty Partners, L.P., 190 S.W.3d 108, 111 (Tex. App.—Houston [1st Dist.] 2005, no pet.); Lee v. Lee, 981 S.W.2d 903, 905 (Tex.
App.—Houston [1st Dist.] 1998, pet. denied).  
The trial
court, as fact
finder, is the sole judge of the credibility of the witnesses.  HTS
Servs., 190 S.W.3d at 111; see also City
of Keller v. Wilson,
168 S.W.3d 802, 819 (Tex.
2005).  Consequently, we may not replace a
finding simply because we would reach a different answer on the evidence.  See Maritime Overseas Corp. v. Ellis,
971 S.W.2d 401, 407 (Tex.
1998).

The trial court’s findings of fact are subject
to review for legal sufficiency under the same standards applied in reviewing
evidence supporting a jury’s answer.  Ortiz
v. Jones, 917 S.W.2d 770,
772 (Tex.
1996); Comm’n of Contracts v. Arriba, Ltd., 882 S.W.2d 576, 582 (Tex.
App.—Houston [1st Dist.] 1994, no writ).  In determining whether
legally sufficient evidence supports the finding under review, we must consider evidence
favorable to the finding
if a reasonable fact
finder could consider it, and disregard evidence contrary to the finding unless a reasonable fact finder could
not disregard it.  City of Keller,
168 S.W.3d at 827.  

We review a trial court’s
conclusions of law
de novo, and will uphold them on appeal if the judgment can be sustained on any
legal theory supported by the evidence.  HTS Servs., 190 S.W.3d at 111 (citing BMC Software Belgium,
N.V. v. Marchand, 83 S.W.3d 789, 794 (Tex. 2002)). 
“An appellant may not challenge a trial court’s conclusions of law for
lack of factual sufficiency, but we review the legal conclusions drawn from the
facts to determine their correctness.”   Id.  at 111–12.

George also
complains that the trial court abused its discretion in its post-divorce
division of pension plan assets.  “In a post-divorce partition suit, an
unequal division should not be
disturbed absent a showing that the division
was so disproportionate, unjust, and unfair, that it was a clear abuse of
discretion.”  Ellis v. Zieben, No. 01-04-00436-CV, 2005 WL 1308706, at *3 (Tex. App.—Houston
[1st Dist.] Jun. 2, 2005, pet. denied) (mem. op.) (citing In re Marriage of
Notash, 118 S.W.3d 868, 874 (Tex. App.—Texarkana 2003, no pet.)).  A court abuses its discretion by acting
arbitrarily or unreasonably, without reference to any guiding rules or
principles. Mai v. Mai, 853 S.W.2d 615, 618 (Tex. App.—Houston [1st
Dist.] 1993, no pet.). 

Res judicata


 

George challenges the trial court’s legal
conclusions that (1) the divorce decree disposed of all of the interest in
Teresa’s 401(k) plan and no post-divorce division was appropriate (in other
words, the issue could not be relitigated), and (2) res judicata barred
George’s petition to divide accrued but unpaid bonuses existing on the date of
divorce.  Res judicata bars relitigation
of claims which have been finally adjudicated or arise out of the same subject
matter and could have been litigated in the prior action.  See Martin v. Martin, Martin &
Richards, Inc., 989 S.W.2d 357,
358 (Tex. 1998)
(per curiam).  

Res judicata bars post-divorce
property division actions, however, only when the divorce decree has disposed
of the asset at issue.  Law v. Law, 792 S.W.2d 150, 152 (Tex.
App.—Houston [1st Dist.] 1990, writ denied). 
Thus, if George’s suit aims to partition assets overlooked in the
divorce settlement, then it is not barred by res judicata.  If, however, George seeks merely to claim a
share of an asset already divided in the
divorce settlement, then it is barred. See
id.  

George suggests that Teresa, as
respondent, bore the burden to prove res judicata as an affirmative
defense.  We disagree.  In contrast to a traditional lawsuit in which
res judicata is an affirmative defense, as the petitioner in this statutory post-divorce
action, George has the burden to prove that the divorce court did not consider or dispose of the
401(k) plan or the accrued bonuses in the final decree.  See Tex. Fam. Code Ann. § 9.201 (suit
available only to divide property
not divided or awarded in final divorce decree); see Stephens v. Marlowe, 20 S.W.3d 250, 254 (Tex. App.—Texarkana
2000, no pet.) (“Marlowe, as the party requesting partition, had the burden to
prove in the partition action that the divorce court did not consider or
dispose of the settlement proceeds.”).   

When a party attacks the legal
sufficiency of an adverse finding on an issue on which he has the burden of
proof, he must demonstrate on appeal that the evidence establishes, as a matter
of law, all vital facts in support of the issue. Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989).  Mindful of this burden, we review the trial
court’s conclusions that the divorce decree precluded relitigation of issues
relating to Teresa’s 401(k) plan and accrued bonuses.  

With respect to the 401(k) plan
assets, George contends that evidence during the divorce proceeding showed that
the 401(k) plan contained a maximum of $136,000, but the plan actually had a
balance of at least $177,419.20 two months before the divorce.  As a result, he asserts, significant funds in
the plan remained unaddressed by the final decree and were subject to
post-divorce division.  George also
complains that the trial court erred in dismissing his claims concerning
Teresa’s unpaid bonuses without taking any evidence on the issue.  

A trial court
may sua sponte take judicial notice
of its own records of a former trial in the same case.  See
Jones v. Jones, 888 S.W.2d 849, 852–53 (Tex. App.—Houston [1st Dist.] 1994,
no writ).  It appears to have done so
here.  We, however, may not take judicial
notice of those records unless they are provided as part of the appellate
record.  See Muller v. Leyendecker, 697 S.W.2d 668, 675–76 (Tex. App.— San
Antonio 1985, writ ref’d n.r.e.).  As the
bearer of the burden to prove that the challenged assets had not been addressed
or divided in the divorce proceeding, it was incumbent on George to supply the
evidence which establishes his contentions as a matter of law.  See Sterner, 767 S.W.2d at 690.  Absent this showing, no ground exists for
reversing the trial court’s conclusion that George’s claims concerning these
assets are barred by res judicata.  

Further, both of George’s claims concern
the trial court’s valuation of community assets before the divorce judgment.  The scant evidence of the divorce proceeding
in the record shows that the parties contested the value of the 401(k) plan
assets, and the court made its determination after considering the contested
evidence.  Likewise, with respect to the
bonuses earned by Teresa, we presume that the trial court’s record of the
divorce proceeding supports a finding that these bonuses were addressed in
divorce proceedings.[2]  

Although George complains that he did
not receive sufficient information to arrive at more accurate valuations of
these assets during the divorce proceeding, he could have moved to compel
production of updated information before entry of the final decree or sought
relief through postjudgment proceedings and direct appeal of the judgment.  In short, any further challenge to the
valuation and disposition of the assets could have occurred in the underlying
proceeding.  We find no error in the trial
court’s dismissal of these claims on the ground of res judicata.

Award of 401(k) Plan to Teresa as a Clarification of
the Decree

 

George further asserts that the final
decree unambiguously awarded Teresa $136,000, not the entire 401(k) plan, and
that the trial court was required to divide the remaining balance in excess of
that amount.  Accordingly, George
contends, the trial court had no authority to modify the original decree by
awarding Teresa the 401(k) assets in excess of $136,000.  

Whether a
decree is ambiguous is a question of law. 
Shanks, 110 S.W.3d at
447.  To determine whether a subsequent
order clarifies or modifies a decree “we must interpret the decree to determine
not what the trial court should have done but, if possible, what the trial
court actually did.”  Id.  If the decree read as a whole is unambiguous
as to the property’s disposition, the court has no authority to enter an order
altering or modifying the original distribution of property.  Id. at
449.  Rather, it must effectuate the
order in light of the literal language used. 
Id. at 447. If the decree is subject to
more than one reasonable interpretation, however, the court reviews the record
along with the decree to aid in interpreting the judgment in a way that
correctly applies the law.  Id.

Contrary to George’s assertion, the
plain language of the final decree, which expressly awards Teresa the “401(k)
plan in the amount of $136,000,”  is
subject to more than one reasonable interpretation.  The construction urged by George, suggesting
that the final decree awarded Teresa a sum certain from the plan, is but
one.  The trial court adopted the other,
concluding that the intent of the decree was to award Teresa the entire 401(k)
plan.  

We agree with the construction
adopted by the trial court, which comports with the decree as a whole and the
circumstances surrounding its formation. 
First, while the decree contains a section itemizing the community
property awarded to George, neither that section nor any part of the decree has
language awarding any portion of Teresa’s retirement benefits to George.  Second, in the court’s property division
notes, which provided the basis for drafting the final decree, the associate
judge crossed out George’s proposal that he receive a portion of the 401(k)
plan assets and wrote the entire estimated value of the plan in Teresa’s
column.  These notes reveal an
affirmative intent that George not be awarded anything from the plan and that
Teresa receive all of it.  The trial
court correctly exercised its authority to clarify this ambiguous language in
order to give effect to the just and right allocation of the community estate
that it originally intended.[3]  

Division of Teresa’s Pension Plan Assets

 

          George
also takes issue with the trial court’s decision to award him only 40% of the
pension plan assets earned by Teresa during the marriage, complaining that the
trial court did not adequately take into consideration Teresa’s failure to
disclose those assets in dividing them. 
A single factor, however, does not require the court to allocate a
particular asset in favor of one party or the other.  Nothing demonstrates that the trial court, in
considering all of the relevant facts and circumstances, abused its discretion
in dividing the pension plan assets as it did. 


Conclusion

We conclude that res judicata bars
any claim against assets that the trial court divided pursuant to the final
decree of divorce.  We further conclude
that the trial court acted within its discretion in allocating pension plan
assets that were not a subject of the divorce decree.  We therefore affirm the judgment of the trial
court.

 

 

Jane Bland

                                                          Justice

 

Panel consists of Justices Nuchia,
Hanks, and Bland.

 

 











[1]
George maintains that the divorce decree was not
final because it did not contain a “Mother Hubbard” clause and did not dispose
of all the community assets.  The absence
of a Mother Hubbard clause,
however, does not in itself denote any lack of finality.  See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 204 (Tex. 2001).  The Family Code restricts the type of
post-judgment modification urged by George. 
A trial court retains continuing jurisdiction to clarify or enforce a
final divorce decree, but lacks the authority to alter the distribution of the
community estate after its plenary power expires, even if the decree does not
dispose of all of the community estate.  See
Tex. Fam. Code Ann. §§ 9.002, 9.008 (Vernon 2006); Gainous v. Gainous, 219 S.W.3d
97, 105–07 (Tex. App.—Houston
[1st Dist.] 2006, pet. filed).  

 

 





[2] Accrued but not paid bonuses would not fall into the
account until later.





[3] To the extent George challenges the court’s
distribution of the 401(k) assets as an abuse of its discretion to make a just
and right allocation of the community estate, we may not consider it here.  While this challenge could have been raised
in a direct appeal of the final divorce decree, it constitutes an impermissible
collateral attack in this proceeding.  See Gainous, 219 S.W.3d at 106–07.