### Maria SOTELO, Appellant,

### v.

### James SCHERR, Scherr, Legate & Ehrlich, P.L.L.C., Scherr & Legate, P.C., David Bingham, BS Joint Venture, Inc., and The Broker Company, Appellees.

### No. 08–06–00019–CV.

### Court of Appeals of Texas, El Paso.

### Dec. 13, 2007.

Jaay D. Neal, Law Offices of Jaay D. Neal, P.C., San Antonio, for Appellant.

James F. Scherr, Scherr, Legate & Ehrlich, P.C., El Paso, pro se.

Before CHEW, C.J., McCLURE, and CARR, JJ.

## OPINION

KENNETH R. CARR, Justice.

Appellant, Maria Sotelo, appeals the trial court's entry of summary judgment in favor of Appellees, James Scherr; Scherr, Legate & Ehrlich, P.L.L.C.; Scherr & Legate, P.C.; David Bingham; BS Joint Venture, Inc.; and The Broker Company (Appellees will be referred to collectively as the "Venture"). We will affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Maria and Daniel Sotelo were married from December 28, 1971, until October 20, 2000. During the marriage, the couple acquired several pieces of real property, including their marital home at 4117 La Brigada and rental property at 421 Canal, both in El Paso. The final divorce decree awarded both properties to Maria Sotelo.

In January 1991, Daniel Sotelo had signed an earnest money contract to purchase an additional piece of property at 216 S. Florence in El Paso, from BS Joint

Venture Company.[1] When Daniel Sotelo defaulted on the earnest money contract, BS Joint Venture filed suit (Cause No. 91–2527) and obtained a judgment for $82,000, plus court costs, for breach of contract. The judgment in Cause No. 91–2527 was entered on December 5, 1994. No appeal was taken from the 1994 judgment.

In December 2001, the Venture obtained a writ of execution on Sotelo's[2] property at 421 Canal. The property was sold by sheriff's sale in February 2002.[3] On July 15, 2002, Sotelo filed her original petition in the case underlying this appeal. Sotelo alleged that she had been unaware of her (by then, former) husband's entry into a contract with BS Joint Venture and was never notified of the lawsuit or judgment in Cause No. 91–2527. She petitioned the trial court to grant an equitable bill of review to set that judgment aside. Sotelo also asserted several causes of action against the Venture, including claims for "wrongful sheriff's sale," fraud, misrepresentation, attorney malpractice, and usury.

The Venture filed a hybrid motion for summary judgment on July 6, 2004. On October 6, 2005, the trial court granted Appellees' motion for summary judgment on all of Sotelo's causes of action and on her petition for bill of review. Sotelo challenges the summary judgment in three issues. In Issue One, Sotelo argues that the court erred in granting summary judgment, based on the Venture's limitations defense, on her bill of review. In Issue Two, Sotelo argues that summary judg-

ment was improper, because the summary judgment record does raise a genuine issue of material fact to support her claim of a wrongful sheriff's sale. In Issue Three, Sotelo argues that the trial court erred by entering a "take-nothing" judgment in the Venture's favor, because its summary judgment motion did not address her usury claim. Finding no error, we will affirm.

## DISCUSSION

We review summary judgments *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex.2005). In this case, the Venture filed a hybrid motion for summary judgment under Texas Rules of Civil Procedure 166a(b) and 166a(i). *See* Tex.R. Civ. P. 166a. Under Rule 166a(b), the "traditional" summary judgment standard, the movant has the burden to show that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(b); *Western Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex.2005). Once the movant has established a right to summary judgment, the burden shifts to the nonmovant to bring forth evidence creating a fact issue. When reviewing a summary judgment, we view the evidence in the light most favorable to the nonmovant and resolve any doubt in the nonmovant's favor. *Id.*

Under Rule 166a(i), a "no-evidence" motion, a party may move for summary judgment, "[a]fter adequate time for discovery," on the ground that there is no evidence of one or more essential ele-

---

1. Appellee David Bingham, its president, signed the contract as Appellee BS Joint Venture's representative. Appellee James Scherr was also an officer of the organization at that time. Bingham and Scherr owned the entity at all times relevant to this case.

2. Unless Daniel Sotelo is specifically named, this and all subsequent references herein to "Sotelo" shall be to Appellant, Maria Sotelo.

3. The property was purchased by Appellee The Broker Company for $8,000. The Broker Company is a real estate investment company formed by Scherr. At the time this lawsuit was filed, Scherr was still an officer of the company, although his interest in the business had been transferred to a "children's family trust" some time before the Canal property was seized.

ments of a claim or defense raised by the adverse party. *See* Tex.R. Civ. P. 166a(i); *Urena*, 162 S.W.3d at 550. A no-evidence point will be sustained when (1) there is an absence of evidence of a vital fact, (2) the court is barred by rules of law or evidence from considering the evidence offered in support of a vital fact, (3) the evidence offered is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of the fact at issue. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex.2003). The moving party will prevail, unless the respondent produces summary judgment evidence raising a genuine issue of material fact. *See* Tex.R. Civ. P. 166a(i); *Urena*, 162 S.W.3d at 550. When, as in this case, the trial court's order does not specify the ground(s) upon which it relied for its ruling, we must affirm if any of the theories asserted in the motion is meritorious. *Urena*, 162 S.W.3d at 550.

▬ In Issue One, Sotelo argues that the trial court erred in granting summary judgment in the Venture's favor on her bill of review. A bill of review is an equitable action used to set aside a judgment which is no longer appealable or subject to challenge by a motion for new trial. *King Ranch*, 118 S.W.3d at 751. A bill of review is proper only in very limited circumstances. *See Montgomery v. Kennedy*, 669 S.W.2d 309, 312 (Tex.1984) ("the grounds on which interference [with a prior judgment] will be allowed are narrow and restricted"). "A bill of review is proper where a party has exercised due diligence to prosecute all adequate legal rem-

edies against a former judgment, and at the time the bill of review is filed, there remains no such adequate legal remedy still available because, through no fault of the bill's proponent, fraud, accident, or mistake precludes presentation of a meritorious claim or defense." *King Ranch*, 118 S.W.3d at 751. Generally, a bill of review petitioner must plead and prove (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which the petitioner was prevented from making by the fraud, accident, or wrongful act of his opponent, and (3) the petitioner was not negligent. *Id.* at 751–52.

▬ In its no-evidence motion, the Venture asserted that Sotelo's bill of review was barred by the statute of limitations. Absent a showing of extrinsic fraud, a bill of review must be filed within four years of the date of the judgment which the proponent seeks to set aside.[4] *See* Tex. Civ. Prac. & Rem.Code Ann. § 16.051; *Caldwell v. Barnes*, 975 S.W.2d 535, 538 (Tex.1998). "Extrinsic fraud" is fraud that denied a party the opportunity to fully litigate all the rights and defenses that the party was entitled to assert at trial. *King Ranch*, 118 S.W.3d at 752; *Law v. Law*, 792 S.W.2d 150, 153 (Tex. App.-Houston [1st Dist.] 1990, writ denied). It is wrongful conduct practiced outside the trial, such as preventing a party from going to court, making false promises of compromise, or denying a party knowledge of the suit. *Law*, 792 S.W.2d at 153. Extrinsic fraud is collateral fraud in the sense that it is not directly related to the matter actually tried, nor is it directly

---

4. Sotelo argues on this point that the Venture's summary judgment burden on limitations included negating the discovery rule. In order to gain the benefit of the discovery rule, however, Sotelo must have produced evidence that she was prevented from defending the suit, because of the Venture's extrinsic fraud. *See Vandehaar v. ALC Fin. Corp.*, 25

S.W.3d 406, 409 n. 2 (Tex.App.-Beaumont 2000, pet. denied) (citing *Defee v. Defee*, 966 S.W.2d 719, 722 (Tex.App.-San Antonio 1998, no pet.)). Because the summary judgment record does not raise a genuine issue of material fact regarding the Venture's extrinsic fraud, there is no need to address the discovery rule.

related to something that was actually or potentially in issue at trial. *See id.*

In contrast, intrinsic fraud includes any fraudulent matter that was presented to the trial court and considered in reaching the judgment. *See Tice v. City of Pasadena,* 767 S.W.2d 700, 702 (Tex.1989). Intrinsic fraud will not serve as grounds for a bill of review. *Id.*

To bring a bill outside the limitations period, it is the petitioner's burden to show the presence of extrinsic fraud. *See Manley v. Parsons,* 112 S.W.3d 335, 338 (Tex.App.-Corpus Christi 2003, pet. denied); *Defee,* 966 S.W.2d at 722; *Law,* 792 S.W.2d at 153.

The judgment which Sotelo is seeking to set aside was entered on December 5, 1994. She did not file her petition for bill of review until July 15, 2002. Therefore, without evidence of extrinsic fraud, Sotelo's bill of review is barred by the statute of limitations. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.051; *Parsons,* 112 S.W.3d at 338. Once the Venture established that the judgment in Cause No. 91–2527 was more than four years old at the time Sotelo filed her bill, it became her burden to raise a genuine issue of material fact regarding extrinsic fraud perpetrated by the Venture. *See* Tex.R. Civ. P. 166a(c); *Parsons,* 112 S.W.3d at 338.

Sotelo argues that the Venture acted fraudulently by taking a judgment against an individual against whom it had no claim. Sotelo continues that she was not a party to the contract underlying the original lawsuit and that the Venture did not make any allegations against her. These claims, even if true, are not of the character that the Texas Supreme Court has identified as extrinsic fraud. *See King*

*Ranch,* 118 S.W.3d at 752. As the Court explained, "Issues underlying the judgment attacked by a bill of review are intrinsic and thus have no probative value on the fraud necessary to a bill of review." *Id.* (citing *Tice,* 767 S.W.2d at 702). Whether Maria Sotelo was a proper party to the original suit and whether she could be held liable, based on the allegations which the Venture made against her former husband, are questions that were directly related to actual or potential issues in Cause No. 91–2527. *See id.* (describing intrinsic fraud as related "to the merits of the issues that were presented and presumably were or should have been settled in the former action"). These legal issues do not fit the definition of extrinsic fraud and are therefore not proper bases for an equitable bill of review filed outside the statute of limitations. *See id.*

Sotelo also argues that the Venture did commit extrinsic fraud by failing to provide her with notice of the suit, and later, of the judgment, in Cause No. 91–2527. While we agree that a party's fraudulent failure to provide a defendant with service of process, in order to obtain a judgment without the defendant's knowledge, constitutes extrinsic fraud,[5] this is not a case of failure of service. Sotelo contends that she was never personally made aware of the underlying action and that the Venture is responsible for her lack of knowledge. Having reviewed the record on summary judgment, we have concluded that no genuine issue of material fact was raised on this issue.

Sotelo does not dispute that she was named as a defendant in Cause

---

5. See *Layton v. Nationsbanc Mortgage Corp.,* 141 S.W.3d 760, 763 (Tex.App.-Corpus Christi 2004, no pet.).

No. 91–2527.[6] The record shows that multiple documents, including notices of summary judgment hearings and of entry of a judgment in the case, were delivered by certified mail to the Sotelo home. Some of the certified documents were addressed to Sotelo in addition to her husband. In its order allowing attorney Stewart to withdraw from the case, the trial court stated that, although they were "duly notified," "Daniel Sotelo and Maria Sotelo failed to appear." Thereafter, defense counsel continued to serve both Sotelos with notices of actions taken in the case at the couple's home address. Sotelo admitted in her deposition that it was likely that the documents were delivered to her home, regardless of the fact that they were not brought to her attention. In short, while Sotelo argues that she had no knowledge of the lawsuit, she has not directed us to any evidence of the Venture's purposeful fraud or of its intent to prevent her from defending the suit. See Layton, 141 S.W.3d at

763 (purposeful fraud is an important element in establishing extrinsic fraud).

Viewing the evidence in the light most favorable to Sotelo, as the nonmovant, one could infer that her former husband may have hidden the original lawsuit from Sotelo, until the Venture acted on the writ of execution years after the judgment. However, even indulging that inference, the evidence does not raise a material fact issue regarding the Venture's commission of extrinsic fraud. In the absence of extrinsic fraud by the Venture, Sotelo cannot avoid the statute of limitations.[7] Id. We therefore overrule Issue One.

■■■■■ In Issue Two, Sotelo contends that the sheriff's sale of her property at 421 Canal is void, because the judgment in Cause No. 91–2527 was allegedly not final.[8] The Venture responds that this is an impermissible collateral attack on the judgment. "A collateral attack is an attempt to avoid the binding force of a judgment in a proceeding not instituted for the purpose

---

**6.** Sotelo argues that her appearance in the suit as a defendant was erroneous, because attorney Gordon Stewart did not have authority to represent her. We note, however, that the law presumes that an attorney acts with authority. See Johnson v. Rancho Guadalupe, Inc., 789 S.W.2d 596, 598 (Tex.App.-Texarkana 1990, writ denied). In addition, a party can waive service of process by voluntarily entering an appearance in a lawsuit. See Seals v. Upper Trinity Reg'l Water Dist., 145 S.W.3d 291, 296 (Tex.App.-Fort Worth 2004, pet. dism'd). Whether Stewart acted improperly by adding Sotelo's name to the suit is not an issue in the case before us. Here, we are limited to Sotelo's allegations against the Venture.

**7.** Sotelo also asserts that a bill of review petitioner is relieved of her burden to prove a lack of fault and negligence in cases where the district court fails to provide notice of the entry of a default judgment. As we have discussed, the only exception to the statute of limitations for a bill of review is extrinsic fraud of the opposing party. See Parsons, 112

S.W.3d at 338. Without summary judgment evidence raising a fact issue on the Venture's extrinsic fraud, we do not reach the issue of whether Sotelo also raised fact issues on the primary elements of her petition for bill of review. Therefore, we need not address whether Sotelo was relieved of the burden of proof in her bill on the ground that she was not notified of the judgment in Cause No. 91–2527 by the district clerk.

**8.** Sotelo actually contends that the judgment in No. 91–2527 is still not final. We note in passing that a bill of review can be sought only to set aside a final judgment. See Tex.R. Civ. P. 329b(f) ("On expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review ..."). If there were no final judgment in No. 91–2527, we would therefore presumably be forced to dismiss this appeal for want of jurisdiction. However, for the reasons set forth below, we are convinced that the judgment had been final for more than seven years at the time of the sheriff's sale in 2002.

of correcting, modifying, or vacating the judgment, but in order to obtain some specific relief which the judgment currently stands as a bar against." *Browning v. Prostok,* 165 S.W.3d 336, 346 (Tex.2005). To prevail on a collateral attack, the challenger must show that the judgment is void on its face. *See Stewart v. USA Custom Paint & Body Shop, Inc.,* 870 S.W.2d 18, 20 (Tex.1994). A judgment is void, rather than voidable, only when it is apparent that the court had no jurisdiction over the subject matter or parties to the suit or no capacity to act. *See Browning,* 165 S.W.3d at 346.

Sotelo's claim for wrongful sheriff's sale is based solely on her contention that the judgment in the Venture's lawsuit was interlocutory. This very issue was adjudicated on October 28, 2004, by the trial court's denial of Sotelo's motion to dismiss Cause No. 91–2527. In the order denying Sotelo's motion to dismiss, the trial court concluded:

> This Court entered a Final Judgment in this case on December 5, 1994. After review of the language of the Judgment, the transcript and the record as a whole, the Court finds that the Judgment entered by this Court on December 5, 1994 was intended to be and is a Final Judgment. Accordingly the Court's plenary power has expired in this case.[9]

Sotelo's claim for wrongful sheriff's sale is, in essence, an attempt to avoid the force of the judgment and therefore constitutes a collateral attack upon it. *See Browning,*

165 S.W.3d at 346. Sotelo did not prove, or even argue, that the judgment was void for lack of jurisdiction. Without such a showing, Sotelo's collateral attack fails as a matter of law. *See Stewart,* 870 S.W.2d at 20 (challenger's burden is to show judgment is facially void to prevail in collateral attack). The trial court did not err by granting the Venture's motion for summary judgment, and Issue Two is overruled.

In Issue Three, Sotelo argues that the trial court improperly granted summary judgment on her usury claim, because the claim was not challenged in the Venture's motion. The record does not support Sotelo's argument. Sotelo's original petition, filed on July 15, 2002, did not contain a claim for usurious interest. Sotelo added the usury claim in her "Second Amended Petition," filed on August 12, 2004. By that time, the Venture had already filed, and amended, its motions for summary judgment. On November 12, 2004, the Venture filed a supplemental motion for summary judgment, in which it challenged the usury claim. The trial court's summary judgment specifies that it is based on the Venture's amended and supplemental motions.

■ In its supplemental motion, the Venture challenged all three elements of Sotelo's usury cause of action on "no evidence" grounds.[10] We have been unable to find, and Sotelo has not provided us with, citations to documents in the summary judgment record in which she provided the

9. Following this order, Sotelo petitioned this Court to issue a writ of mandamus arguing that the trial court clearly abused its discretion by determining that its plenary power had expired. *See In re Sotelo,* 162 S.W.3d 632 (Tex.App.-El Paso 2005, orig. proceeding [mand. denied]). Her petition was denied due to a lack of evidence that the trial court had clearly abused its discretion. *Id.*

10. The elements of a claim for usury are: (1) The defendant loaned money to the plaintiff; (2) the plaintiff had an obligation to repay the principal amount owed; and (3) the defendant contracted for, charged, or received interest that exceeded the maximum amount allowed by law. *See First Bank v. Tony's Tortilla Factory, Inc.,* 877 S.W.2d 285, 287 (Tex.1994).

trial court with evidence raising a genuine issue of material fact on the elements of her usury claim. Without such evidence, the trial court did not err in granting the Venture's no-evidence motion on the usury claim. *See* Tex.R. Civ. P. 166a(i); *Urena,* 162 S.W.3d at 550. Issue Three is overruled.

## CONCLUSION

Having overruled all of Appellant's issues, we affirm the trial court's judgment.