Opinion issued April 2, 2009





 











In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-08-00499-CV
__________
 
ANDREW R. MIRELES, Appellant
 
V.
 
JENNIFER S. MIRELES, Appellee
 

 
 
On Appeal from the 310th District Court
Harris County, Texas
Trial Court Cause No. 2007-60285
 

 
 
MEMORANDUM OPINION
          Appellant, Andrew R. Mireles, challenges the trial court’s order granting the
petition of appellee, Jennifer Jack,


 to set aside the parties’ divorce decree and declare
their marriage void. In two issues, Mireles contends that Jack’s petition, which is
entitled “Original Petition for Bill of Review,” did not allege extrinsic fraud and the
trial court erred in granting Jack’s petition without requiring Jack to present legally
and factually sufficient evidence in support of the petition.
          We affirm.
Procedural Background
          In her petition, Jack alleged that she and Mireles “were divorced by [the trial
court] on April 25, 2005.” Jack sought to have the divorce decree relating to her
marriage with Mireles set aside and vacated because Mireles, Jack’s former husband,
“was born a female named Phyllis Ann Mireles.” 
          On March 19, 2008, the trial court held a hearing on whether to enter an order
granting Jack’s petition. At the hearing, Mireles argued that in order for the trial
court to grant a bill of review, Jack had to present evidence of extrinsic fraud. Jack
responded that she alleged “three grounds” for granting her petition: “the voidness
of a same sex marriage, lack of subject matter jurisdiction, and then fraud.” At the
end of the hearing, the following exchange occurred:
[Mireles:]That [proposed] order does however, Judge, set
aside the divorce in its entirety. That’s a decision
the Court can’t make until after an evidentiary
hearing.
 
[Jack:]Well, Judge, in response to that quickly, you can set
aside the decree clearly.
 
[Mireles:]Not without hearing evidence.
 
[Jack:]Judge, there is evidence in there. If it’s on the basis
of the —
 
[Trial Court:]I have an affidavit of Ms. Jack’s. I have a marriage
that is void on its face based upon the information
that you attorneys have provided me. And,
therefore, I am required by law to find that the
marriage is void. And so I’m going to deny your
request to not enter the final order.
          After the hearing, the trial court entered an order granting Jack’s petition and
setting aside the divorce decree, finding that “both parties are of the same female
gender and that the marriage between them is void. . . .” 
Void Divorce Decree
          In her first issue, Mireles contends that the trial court erred in granting Jack’s
“bill of review” petition without requiring Jack to plead and prove (1) a “meritorious
defense” to the divorce decree; (2) which Jack was prevented from making because
of Mireles’s “fraud, accident or wrongful act”; and (3) which was unmixed with
Jack’s negligence. Jack responds that the trial court did not err in granting her
petition because the divorce decree pertained to a “void same-sex marriage.”
          A void judgment may be attacked by either a bill of review or a collateral
attack. Zarate v. Sun Operating Ltd., 40 S.W.3d 617, 620 (Tex. App.—San Antonio
2001, pet. denied). Although Jack entitled her petition as a “Bill of Review,” she was
actually attacking collaterally the divorce decree in order to have the underlying
marriage declared void, rather than attempting to secure the rendition of a single,
correct judgment in place of the earlier one. See Solomon, Lambert, Roth & Assocs.,
Inc. v. Kidd, 904 S.W.2d 896, 900 (Tex. App.—Houston [1st Dist.] 1995, no writ);
Ramsey v. Ramsey, 19 S.W.3d 548, 552 (Tex. App.—Austin 2000, no pet.) (holding
that distinctive feature of collateral attack is that it attempts to avoid effect of
judgment, by collaterally attacking that judgment, in proceedings brought for some
other purpose). A void judgment may be collaterally attacked by any court of equal
jurisdiction. Browning v. Placke, 698 S.W.2d 362, 363 (Tex. 1985) (per curiam). 
          To prevail on a collateral attack, a party must show that the complained-of
judgment is void. See Gainous v. Gainous, 219 S.W.3d 97, 105–06 (Tex.
App.—Houston [1st Dist.] 2006, pet. denied). A judgment is void when the court
rendering judgment “had no jurisdiction of the parties, no jurisdiction of the subject
matter, no jurisdiction to enter judgment, or no capacity to act as a court.” Id. at 105;
see also Browning, 698 S.W.2d at 363; Sotelo v. Scherr, 242 S.W.3d 823, 830 (Tex.
App.—El Paso 2007, no pet.); Zarate, 40 S.W.3d at 621. A judgment may also be
collaterally attacked when the public interest is directly and adversely affected as that
interest is declared in the statutes or the Constitution of Texas. Zarate, 40 S.W.3d at
621; Glunz v. Hernandez, 908 S.W.2d 253, 255 (Tex. App.—San Antonio 1995, writ
denied). 
          Generally, a party may not use extrinsic evidence in a collateral attack. 
Holloway v. Starnes, 840 S.W.2d 14, 18 (Tex. App.—Dallas 1992, writ denied). 
However, void judgments may be attacked collaterally with extrinsic evidence when
the court “has not, under the very law of its creation, any possible power” to decide
the case. Templeton v. Ferguson, 33 S.W. 329, 332 (Tex. 1895); see Easterline v.
Bean, 49 S.W.2d 427, 430–31 (Tex. 1932); Cline v. Niblo, 8 S.W.2d 633, 635–36
(1928); S. County Mut. Ins. Co. v. Powell, 736 S.W.2d 745, 749 (Tex. App.—Houston
[14th Dist.] 1987, no writ); Curtis Sharp Custom Homes, Inc. v. Glover, 701 S.W.2d
24, 26 (Tex. App.—Dallas 1985, writ ref’d n.r.e.). For example, a court may not
administer the estate of a living person any more than it could determine a “suit for
divorce in a foreign country in which neither of the parties are domiciled.” 
Templeton, 33 S.W. at 332. 
          Here, both parties agree that Jack’s marriage to Mireles was void as a matter
of law under the Constitution and laws of Texas because both Jack and Mireles are
female. See Tex. Const. art. I, § 32 (“Marriage in this state shall consist only of the
union of one man and one woman.”); Tex. Fam. Code Ann. § 6.204(b) (Vernon
2006) (“A marriage between persons of the same sex . . . is contrary to the public
policy of this state and is void in this state.”); Littleton v. Prange, 9 S.W.3d 223, 231
(Tex. App.—San Antonio 1999, pet. denied) (holding that party’s gender is
determined by true and accurate original birth certificate). 
          A Texas court has no more power to issue a divorce decree for a same-sex
marriage than it does to administer the estate of a living person. See Templeton, 33
S.W. at 332. Accordingly, we hold that the trial court did not err in granting Jack’s
collateral attack on the divorce decree relating to the parties’ void same-sex marriage.
          We overrule Mireles’s first issue.
 
 
 
 
 
 
 
 
Conclusion
          Having found that the trial court did not err in granting Jack’s collateral attack
on the divorce decree, we need not address whether the alleged fraud would support
a bill of review. 
          We affirm the judgment of the trial court.
 
 
                                                                       Terry Jennings
                                                                        Justice

Panel consists of Justices Jennings, Keyes, and Higley.