In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00107-CV

                                                ______________________________

 

 

                           MOHAMMAD HANIF SHAKOOR,
Appellant

 

                                                                V.

 

                 CLARKSVILLE OIL & GAS COMPANY, INC., Appellee

 

 

                                                                                                  


 

 

                                      On Appeal from the 102nd
Judicial District Court

                                                          Red
River County, Texas

                                                          Trial Court
No. CV01794

 

                                                                                                   

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            The
dispute between Mohammad Hanif Shakoor, the owner of a convenience store, and
Clarksville Oil and Gas Company, Inc. (Clarksville),[1]
who supplied the store with gasoline for sale, had its genesis when Shakoor
failed to pay Clarksville for fuels furnished by it.  Clarksville brought suit in 2002, alleging a
breach of contract for the purchase of the fuels and ultimately obtained
substituted service of citation on Shakoor. After the substituted service was
accomplished, Clarksville was awarded a default judgment October 28, 2002, for
$145,487.43. 

            Some
six years later, Shakoor filed an action in the nature of a bill of review,
seeking to set aside the judgment against him.  Shakoor alleged that he had been in Pakistan
when the suit was filed and was unaware of the existence of the judgment taken
against him and that he possessed a meritorious defense to Clarksville’s claims
in the underlying suit.[2]
 He also maintained that Clarksville had
perpetrated extrinsic fraud in obtaining the substituted service of citation in
the original suit. 

            After
an adverse jury ruling, Shakoor has appealed, taking the position that there
was legal and factual insufficiency to sustain the finding of the jury.  We will affirm the trial court’s judgment.

I.          Standard
of Review 

            By the time that Shakoor discovered
the existence of the judgment against him, the plenary power of the trial court
to grant a new trial had long since passed.  Tex. R.
Civ. P. 329b.  An equitable bill
of review is the only remedy available to set aside a final judgment after time
for appeal is expired where the judgment is not void on its face.  Wembley
Inv. Co. v. Herrera, 11 S.W.3d 924, 926–27 (Tex. 1999); Thompson v. Ballard, 149 S.W.3d 161, 164
(Tex. App.––Tyler 2004, no pet.).  As a
general rule, a petition for bill of review must be filed within four years of
the date of the entry of the judgment which is in dispute.  See Tex. Civ. Prac. & Rem. Code Ann. §
16.051 (Vernon 2008); Layton v.
Nationsbanc Mortgage Co., 141 S.W.3d 760, 763 (Tex. App.––Corpus Christi
2004, no pet.).  Had Shakoor filed his
petition for bill of review within this four-year limitations period, he would
only have the burden to prove the following:  that he had a meritorious defense to the cause
of action supporting Clarksville’s judgment; that he was prevented from
presenting that meritorious defense as a result of the fraud, accident, or
wrongful act of the opposing party; and that it was unmixed with any fault or
negligence of his own.  Layton, 141 S.W.3d at 762 (citing Caldwell v. Barnes, 975 S.W.2d 535, 537
(Tex. 1998)).  The sole exception to the
four-year limitations period for successful pursuit of a bill of review is when
the petitioner proves that he was prevented by extrinsic fraud from pursuing
this remedy.  Id. at 763. 

            Extrinsic
fraud is fraud that occurs in the procurement of a judgment which denies a
party the opportunity to fully litigate at trial.  Id. (citing
King Ranch, Inc. v. Chapman, 118
S.W.3d 742, 752 (Tex. 2003); Tice v. City
of Pasadena, 767 S.W.2d 700, 702 (Tex. 1989)).  Extrinsic fraud is “collateral fraud in the
sense that it is not directly related to the matter actually tried, nor is it
directly related to something that was actually or potentially in issue at
trial.”  Sotelo v. Scherr, 242 S.W.3d 823, 827–28 (Tex. App.––El Paso 2007,
no pet.).  It requires a “wrongful act
committed by the other party to the suit which has prevented the losing party
either from knowing about his rights or defenses, or from having a fair
opportunity of presenting them upon the trial.”  Alexander
v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996, 1001 (1950); Sotelo, 242 S.W.3d at 827.  The element of purposeful fraud is important
in establishing extrinsic fraud.  See Alexander, 226 S.W.2d at 1001–02.  

            In
contrast, intrinsic fraud “in the procurement of a judgment is not ground,
however, for vacating such judgment in an independent suit brought for that
purpose.”  Id. at 1001.  Intrinsic fraud
includes “such matters as fraudulent instruments, perjured testimony, or any
matter which was actually presented to and considered by the trial court in
rendering the judgment assailed.”[3]  Id.;
Sotelo, 242 S.W.3d at 828.  

            Shakoor’s
burden at trial in requesting a bill of review was heavy “because it is
fundamentally important that judgments be accorded some finality.”  Layton,
141 S.W.3d at 763; (citing Alexander,
226 S.W.2d at 998).  Bills of review “requesting
relief from an otherwise final judgment are scrutinized by the courts ‘with
extreme jealousy, and the grounds on which interference will be allowed are
narrow and restricted.’”  Id.  Thus, in reviewing the grant or denial of a
bill of review, we indulge every presumption in favor of the trial court’s
ruling and will not disturb it unless the trial court abused its
discretion.  Id. at 763–64 (citing Narvaez
v. Maldonado, 127 S.W.3d 313, 319 (Tex. App.––Austin 2004, no pet.).  A trial court abuses its discretion if it
acts in an unreasonable or arbitrary manner, or without reference to guiding
rules and principles.  Id. at 764.

            Trial to the jury
led to a finding by it that Clarksville did not commit extrinsic fraud against
Shakoor.  In his motion for new trial
(which he complains the trial court erred in denying), Shakoor argued that the
jury’s finding was based on insufficient evidence because:  (1) Steve Brooks, Clarksville’s account
representative, knew that Shakoor was overseas; (2) Brooks’s affidavit
supporting substituted service failed to comply with Rule 106 of the Texas Rules
of Civil Procedure; (3) the July 8, 2002, return of service was defective
because it proved that Mohammed I. Chotani, not Shakoor, was served with
citation; and (4) the certificate of last known address was false.  A majority of these points serve as a
challenge to the authority to issue the October 2002 default judgment, a matter
we may only address if the jury’s verdict on extrinsic fraud was
insufficient.  

            In
determining legal sufficiency, we analyze “whether the evidence at trial would
enable reasonable and fair-minded people to reach the verdict under review.”  City of
Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005); see also Walker & Assoc. Surveying, Inc. v. Austin, 301 S.W.3d
909, 916 n.4 (Tex. App.––Texarkana 2009, no pet.).  We credit favorable evidence if a reasonable
jury could, and disregard contrary evidence unless a reasonable jury could
not.  Wilson,
168 S.W.3d at 827.  As long as the evidence falls within the zone
of reasonable disagreement, we may not substitute our judgment for that of the
jury.  Id. at 822.  In this case,
the jury was the sole judge of witness credibility and the weight given to
their testimony.  Id. at 819.  Although we
consider the evidence in a light most favorable to the verdict, indulging every
reasonable inference that supports it, we may not disregard evidence that
allows only one inference.  Id. at 822.

            In
our factual sufficiency review, we consider and weigh all the evidence, and
will set aside the verdict only if the evidence is so weak or the finding is so
against the great weight and preponderance of the evidence that it is clearly
wrong and unjust.  Walker, 301 S.W.3d at 916 n.4 (citing Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986)). 

II.        History of Attempted
Service 

            Brooks began
negotiating fuel supply contracts on behalf of Clarksville with Chotani and
Shakoor in 1997.  Chotani and Shakoor
referred to each other often as brothers[4] and
jointly owned approximately five gas stations or convenience stores.  With respect to their 4102 South Main,
Quitman, Super Stop gas station, the pair represented that either of them had
authority to order fuel.  In 1999,
Shakoor purchased the store and rented it to Chotani.  Thereafter, Brooks began having trouble
collecting for fuel products supplied to the Clarksville store, made
unsuccessful calls to Shakoor’s cell phone, and attempted to locate his
physical address. 

            During
trial, Shakoor was asked if anyone from Clarksville inquired about his current
address.  Shakoor replied, “I believe
they knew it.  I have a store in Super
Stop, Houston [sic].”  He identified the
address as “7821 Highway Six South, Houston, Texas.”  On November 28, 2001, Clarksville sent a
demand letter by United States Post Office certified mail to the Houston
address.  The green certified mail
receipt card was signed and returned to Clarksville’s attorneys.  A few days later, the attorneys received a
letter from someone at the Houston Super Stop. 
They opened the mail to find their own demand letter in the original
envelope containing a return to sender stamp and the written words “No longer” on
the original envelope.  Affixed to the
envelope was a “yellow sticky” note stating, “To whom it may concern.  I received this mail by accident.  The postman asked for Mohammad so I signed
for this, but I didn’t look what Mohammad. 
[sic]  I’m the wrong guy.  Never heard of this guy.”  

             Brooks went to Chotani for advice on how to
contact Shakoor and was told that Shakoor was in Pakistan.  Brooks did not know when Shakoor planned to
return.  Chotani did not have Shakoor’s
address in Pakistan, but Brooks believed Chotani could get in contact with Shakoor
and believed Chotani and Shakoor to be brothers.  Clarksville representative Wendell Reeder had
been given Shakoor’s home address and physically visited Shakoor’s residence at
14606 Jade Glen Court, Sugarland, Texas. 
Another demand letter was sent to this address and it was returned as
refused in December 2001.  Because the
letter was refused, Clarksville believed it to be Shakoor’s correct home
address and filed a suit to enforce the fuel supply agreement contract in
February 2002 utilizing this address. 
Shakoor testified that he lived on Jade Glen Court until 2001, and his
wife may have still been at that address in late 2001.  

            An
attempted March 2002 service at the Jade Glen Court address was unsuccessful.  Brooks filed an affidavit in support of a
motion for substituted service stating, “I am advised that efforts to serve the
Defendant . . . have been unsuccessful. 
Mr. Shakoor has a brother, Mohammed I. Chotani, who is employed at ‘4102
South Main, Quitman, Texas 75783.’  Mr. Shakoor
and Mr. Chotani have a substantial number of shared business interests.  I believe that serving Mr. Chotani will be
reasonably effective to give Mr. Shakoor notice of this lawsuit.”  The motion for substituted service listed “the
usual place of employment of the Defendant’s Brother, Mohammed I. Chotani, is
4102 South Main, Quitman, Texas 75783” and requested the court to allow service
upon Chotani at Chotani’s place of business. 
Based on this information, an order for substituted service was issued
authorizing service at Chotani’s place of business.  Citation of service was achieved on Chotani
shortly thereafter.  A few months later,
default judgment was entered in Clarksville’s favor and against Shakoor.  Clarksville sent the county clerk notice of
the default judgment and claimed Shakoor’s last known address was “c/o Mohammed
Chotani 412 South Main, Quitman, Wood County, Texas 75783.”[5]  An abstract of judgment was filed in Fort
Bend, Smith, Upshur, Wood, and Henderson Counties.  

III.       Evidence Was Sufficient
for Jury to Find Clarksville Did Not Commit Extrinsic 

            Fraud 

 

            Shakoor’s
first point of error complains that “the evidence conclusively proves . . . that
[Clarksville] committed extrinsic fraud . . . .”[6]  Specifically, that the statements in Brooks’s
affidavit that Chotani was Shakoor’s brother and that notice to Chotani would
be reasonably effective to provide Shakoor with notice of the suit was false because
Chotani told Brooks he did not know Shakoor’s address.  The jury heard from Brooks that he had no
desire to keep Shakoor from knowing about the lawsuit and that “[Clarksville]
was trying to make him aware of it.” 
Clarksville also produced a signed and notarized universal power of
attorney, executed by Shakoor in 1997, whereby Shakoor designated Chotani his
attorney in fact.  There was no evidence
presented demonstrating that Brooks made a knowing false statement regarding
Chotani and Shakoor’s relationship.  He
always believed until trial that the two were brothers.  Due to their assumed relationship as brothers
and their actual relationship as business partners, Brooks claimed he believed that
Chotani had the ability to contact Shakoor. 
He was correct.  Shakoor testified
that he was receiving rent from Chotani for the Quitman store while he was in
Pakistan and that Chotani had called him on the telephone while he was in
Pakistan.  Although he claimed the
lawsuit was never discussed in their conversations, Shakoor’s own testimony
provided the jury with confirmation that Chotani knew how to contact Shakoor
and that they did, in fact, communicate.[7]  

            While
“[f]raudulent failure to serve a defendant with personal service, in order to
obtain a judgment against him without actual notice to him, has been held to be
extrinsic fraud,” the key fact in such cases was knowing wrongdoing committed
by the party securing judgment.  Lambert v. Coachmen Indus. of Tex., Inc., 761 S.W.2d 82, 87 (Tex. App.––Houston
[14th Dist.] 1988, writ denied) (failure to send copy of motion for summary
judgment to opposing counsel and securing judgment upon motion) (citing Forney v. Jorrie, 511 S.W.2d 379,
384–85 (Tex. Civ. App.––San Antonio 1974, writ ref’d n.r.e.) (failure to serve
defendant despite knowledge of his whereabouts)).  Considering the evidence in a light most
favorable to the verdict, specifically of multiple attempts to make Shakoor
aware of the suit, Shakoor’s own testimony that Chotani knew how to get in
contact with him in Pakistan, and the filing of the abstract of judgment in
multiple counties, we find that a reasonable and fair-minded jury could reach
the verdict that Clarksville did not commit a purposeful wrongful act
preventing Shakoor from having a fair opportunity of presenting his defenses at
trial.  See Wilson, 168 S.W.3d 822, 827; Alexander, 226 S.W.2d at 1001. 
The jury may have also considered the fact that Shakoor returned to the
United States in 2003 and might have been notified then.  We find the evidence in this case legally
sufficient to support the jury’s verdict. 


            We
now consider and weigh all the evidence in our factual sufficiency review.  Shakoor testified that he had no knowledge of
the lawsuit until 2008,[8]
did not reside at the Jade Glen Court address in late 2001, and did not receive
the letter sent to his Houston place of business.  Even if the jury believed Shakoor’s
testimony, there is no testimony suggesting that Clarksville purposefully
committed a wrongful act preventing Shakoor’s notice of suit.  Thus, we find the evidence is not so against
the great weight and preponderance of the evidence that it is clearly wrong and
unjust.  Walker, 301 S.W.3d at 916 n.4. 
The evidence was factually sufficient. 


            Since
the evidence was both legally and factually sufficient to support the jury’s
verdict that Clarksville did not commit extrinsic fraud, Shakoor’s petition for
bill of review was barred by the statute of limitations.  Therefore, we need not address Shakoor’s
remaining points of error.  See Marriage of Sayago, No.
07-97-0356-CV, 1998 WL 278565 (Tex. App.––Amarillo June 2, 1998, no pet.) (not
designated for publication) (declined to address service of process issues
because bill of review barred by limitations). 

            We
affirm the trial court’s judgment.

 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          July 6, 2010

Date Decided:             July 7, 2010











[1]Apparently,
there are discrepancies as to the name.  Appellee
makes reference to itself as Clarksville Oil & Gas, Inc.; the judgment uses
Clarksville Oil & Gas Co.; and the notice of appeal uses Clarksville Oil
& Gas Company, Inc.  

 





[2]As
his meritorious defense, Shakoor alleged that he did not sign the fuel supply
agreements made the subject of Clarksville’s suit.  





[3]Shakoor
spends a considerable number of pages in his appellate brief claiming he did
not sign the fuel supply agreements. 
These are intrinsic matters to the underlying breach of contract suit and
will not be considered in addressing the jury’s verdict on extrinsic fraud. 





[4]Although
Shakoor referred to Chotani as his brother in front of the jury, he testified,
along with Chotani’s son, that Chotani was not his blood brother.  





[5]No
party has complained that the discrepancy in the address had any effect upon
this judgment. 

 





[6]Shakoor
alleges that Brooks’s affidavit in support of the motion for default judgment
did not comply with the procedural requirements of Rule 106 of the Texas Rules
of Civil Procedure.  This allegation does
not equal an allegation that the affidavit contained fraudulent statements.  Tex. R.
Civ. P. 106. 





[7]Also,
Shakoor said his real brother, Abdul Wahied Hanif, was running the Houston gas
station while he was away and would have called him if something needing his
attention, such as a demand letter, was sent to the store. 





[8]Chotani
passed away in March 2004.